UNITED STATES of America ex rel.
Roger F. DURONIO

v.

Harry E. RUSSELL, Superintendent,
State Correctional Institution,
Huntingdon, Pennsylvania.

Civ. A. No. 9161.

United States District Court
M. D. Pennsylvania.
July 22, 1966.

**480**

Roger F. Duronio, pro se.

Edward Friedman, Atty. Gen., Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa., for defendant.

## MEMORANDUM

FOLLMER, District Judge.

Roger F. Duronio, a prisoner at the State Correctional Institution, Huntingdon, Pennsylvania, filed a complaint in forma pauperis, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. The defendant filed a Motion to Dismiss and this Court ordered that the Motion be determined on briefs by the parties, under Rule 78 of the Federal Rules of Civil Procedure. Briefs have been submitted and it is this Motion which is before this Court.

The allegations in the complaint are as follows: Three books, with a value of $3.95, were bought by Duronio. These books were stamped and approved for Duronio's use. On April 9, 1965, these books were found in the cell of another inmate and were confiscated by the prison authorities. Duronio had "lent" the books to the other inmate.

The defendant has submitted an affidavit showing that the rules of the Institution prohibit the unauthorized loaning of books to other inmates. When prisoners are committed to the Institution, they are told that possession of articles not personally issued to them is forbidden and such articles are contraband. On the bulletin board of each Cell Block there is posted a listing of "Cell Furnishings" with the notice that nothing else is permitted and anything else will be considered contraband. Another inmate's books are not listed as material permitted in a cell.

This penitentiary rule is reasonable in the orderly administration of the State institution and there is no showing that the action by the prison officials was arbitrary as to warrant any further inquiry. See United States ex rel. Lee v. People of State of Illinois, 343 F.2d 120, 121 (7th Cir. 1965). The allegations concern the reasonable maintenance, operation and administration of the State institution and this is not under the supervisory direction of a federal court. Gurczynski v. Yeager, 339 F.2d 884 (3rd Cir., 1964); Walker v. Pate, 356 F.2d 502 (7th Cir., 1966). The allegations which are made here are matters completely within the scope of prison discipline and security and there are no exceptional circumstances present.

Accordingly, the Motion to Dismiss the Complaint will be granted.