**Hubert James PUTT**

v.

**Ramsey CLARK, Attorney General of the United States, and Myrl E. Alexander, Director of United States Bureau of Prisons.**

**No. 12158.**

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 28, 1969.

———◆———

Hubert James Putt, pro se.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Petitioner is a federal prisoner confined at the United States Medical Center, Springfield, Missouri, who seeks to establish his right to render legal assistance to other inmates. In June, 1966, while an inmate of the United States Penitentiary in Atlanta, petitioner filed a complaint in the District Court for the District of Columbia seeking (1) a declaration that prison regulations requiring prison inmates to do their own legal work are unconstitutional, (2) an injunction against future confiscation of legal materials which might be found in his possession, and (3) the return of legal materials (belonging to other prison inmates) which were confiscated from petitioner by Atlanta penitentiary officials in May, 1966. The action was transferred to the Northern District of Georgia at defendant's request and was later dismissed at petitioner's request.

The present action, which appears to be identical to the first, was filed in September, 1966, in the Middle District of Tennessee and since that time has been bounced around from court to court, usually at petitioner's own request. Petitioner's most recent motion was addressed to the Fifth Circuit Court of Appeals and demanded immediate action in the present case, which allegedly had been in this court for ten months without action. That motion was filed in the Court of Appeals in November, 1968—one month after the case was transferred to this court from the Western District of Missouri. (The case had been transferred from this court to the Missouri court in April, 1968, in response to plaintiff's motion for such a transfer, and was then transferred back to this court in October, 1968—again in response to a motion by plaintiff.)

Plaintiff's request that a three-judge court be convened to consider his petition for an injunction prohibiting the enforcement of certain allegedly unconstitutional prison rules cannot be granted. It is settled law in this district that the rules concerning legal assistance to fellow inmates, which petitioner has challenged, are not unconstitutional when they are applied merely to regulate the giving of legal assistance by inmates to fellow inmates, and not to prohibit it in all instances. White v. Blackwell, 277 F.Supp. 211, (N.D.Ga. 1967). The court in *White* recognized that in many jurisdictions voluntary organizations supply prisoners with legal talent, in which case the assistance of fellow inmates may not be necessary. Thus it appears that if a prisoner requests assistance from a fellow inmate who is willing and able to give such assistance, and the request is denied, and *no other satisfactory assistance is afforded* him, the rule might well be unconstitutional as applied to that prisoner, but that is not the situation in the instant case. The court notes, too, that it would be the prisoner whose request for legal assistance was denied who would have a complaint, rather than the inmate who was willing to render legal assistance. Petitioner in the instant case therefore would not have standing to challenge the prohibition even if the rules were being applied unconstitutionally, since there is no allegation that *he* is being denied legal assistance.

Furthermore, since petitioner is no longer at the Atlanta penitentiary, he does not have standing to pursue an action for injunctive relief for any allegedly unconstitutional application of these rules by the Atlanta penitentiary officials. An injunction would not help him at this time and therefore the court cannot entertain such a request. Any complaint petitioner might have as to the way the rules are enforced in another district must be filed in the court

within that district. It must be noted that some jurisdictions have not even recognized that the rules may be unconstitutional as applied, and although *White* is controlling in this district, this court cannot impose its judgments upon jurisdictions which hold that the rules are constitutional even if applied literally. Any conflict in the decisions from various districts or circuits can be resolved only by the United States Supreme Court.

█ Even if the foregoing considerations were not applicable, petitioner's demand that the legal records of other inmates which were confiscated from petitioner by Atlanta penitentiary officials be returned to him would have to be denied, for the court can envision no circumstances in which he, a prisoner at a federal institution in Missouri, would be entitled to the possession of materials belonging to prisoners confined in Atlanta.

Accordingly, the petition for declaratory and injunctive relief is denied.