**Viola McKINNEY et al., Plaintiffs,**

**v.**

**Lee E. DeBORD et al., Defendants.**

**Civ. No. S–1473.**

United States District Court,
E. D. California.

Oct. 9, 1970.

Viola McKinney, in pro. per. for plaintiffs.

Nelson P. Kempsky, Deputy Atty. Gen., Sacramento, Cal., for defendants.

## MEMORANDUM AND ORDER

WILKINS, District Judge.

Plaintiffs Mervin McKinney and Nolan Wimberley, both state prisoners at the California State Prison at Folsom, and Mrs. Viola McKinney, Mervin McKinney's mother, have filed suit under the Civil Rights Act, 42 U.S.C. section 1983, against twenty-three employees of the state's prison system and against a publishing company and one of its employees.

On motion of the publishing company and its employee, the action was dismissed with respect to them on May 4, 1970.

Each of the state defendants filed a motion to dismiss the action under Rule 12(b) (6) and several of them filed motions for summary judgment. Plaintiff Mervin McKinney filed a countering motion for summary judgment against each of the defendants. Although no opposition to the motions for dismissal was filed, plaintiffs notified the court on August 18, 1970 in a document titled "Plaintiff's Reply to Defendant's Notice of Opposition and Opposition to Motion for Summary Judgment" as follows:

> "Your affiant is willing to stand on his well-pleaded complaint and is further willing to take the matter, as it now stands prepared, to the Court of Appeals, therefore, no additional pleadings will be filed. Plaintiffs stand or fall on their well-pleaded drafted Civil Rights Act complaint * * *."

The matter is therefore ready for decision on each of the eleven counts pleaded by plaintiffs:

COUNT I. The first allegation is that plaintiff Mervin McKinney was apprehended providing legal assistance to several other inmates at the California State Prison at San Quentin in January, 1969. He was put in isolation for several days as punishment. At the time, such a prohibition on legal assistance had been held proper by the Court of Appeals for the Ninth Circuit and by the California Supreme Court. Hatfield v. Bailleaux (9th Cir. 1961) 290 F.2d 632; In re Allison (1967) 66 Cal.2d 282, 57 Cal.Rptr. 593, 425 P.2d 193.

The affidavits of defendants allege that they did no more than enforce the rules of the prison in effect at the time of their actions, and claim that they acted at all times in good faith. Plaintiffs do not challenge the defendants' claim as to either point, but argue only that violations of their rights could not have been done in good faith.

Good faith enforcement of apparently valid rules is a defense to damages in a Civil Rights Act suit. Peace officers and prison guards need not anticipate

changes in constitutional law. Pierson v. Ray (1967) 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288. Thus, the fact that the Supreme Court later invalidated a similar rule against permitting legal aid among inmates of prisons (Johnson v. Avery (1969) 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718) does not retroactively make these defendants liable to the plaintiffs.

 Summary judgment is a proper method for disposal of a suit when there is an absence of a genuine issue of fact, so that a trial would serve no useful purpose. Miller v. Western Board of Adjusters, Inc. (9th Cir. 1970) 427 F.2d 175. The absence of a meaningful response by plaintiffs in this case leaves the good faith of defendants in enforcing apparently valid prison regulations uncontested. Summary judgment is proper when the state of mind of defendants is dispositive of the claim and is substantially uncontested. Washington Post Company v. Keogh (1966) 125 U.S.App.D.C. 32, 365 F.2d 965.

As to defendants DeBord, Fowler, Hardiman, Larson and Harrington, summary judgment will be granted in their favor with respect to Count I.

Defendant Cox's affidavit alleged that he had no part in the punishment of plaintiff McKinney. His affidavit included a copy of the disciplinary report of the incident, which showed that he was not a member of the disciplinary committee which sat on the incident. Plaintiffs have not contested the allegations of defendant Cox.

As to defendant Cox, summary judgment will be granted in his favor with respect to Count I.

 COUNT II: The second allegation is that legal papers and canteen items were taken from plaintiff Mervin McKinney's cell in February, 1969 and that he was punished for possessing contraband with a short sentence in isolation.

The affidavits of defendants show that plaintiff was possessed of an enormous amount of contraband in his cell, most of it stolen from prison supplies. He had drawing pencils, carbon paper, a paper punch, a stapler, scissors, folders, envelopes, 12½ reams of paper, 8 legal-size tablets, india ink and other similar material. The only matter which was of a legal nature was a folder of legal work belonging to an inmate McFerrin. That material was taken from plaintiff's cell and returned to McFerrin. The contraband was confiscated.

Plaintiff's complaint concerning the confiscation of "legal papers" apparently refers to the supplies of stationery material, which he was seemingly using for his legal work in the courts on behalf of himself and others.

In these circumstances, it was proper for the prison officials to confiscate the contraband and punish plaintiff for having possession of it. Shobe v. People of State of California (9th Cir. 1966) 362 F.2d 545; Carey v. Settle (8th Cir. 1965) 351 F.2d 483; United States ex rel. Lawrence v. Ragen (7th Cir. 1963) 323 F.2d 410.

Plaintiff's theory that he was entitled to have possession of the contraband because he was using it in his legal efforts is entirely without merit. While a prisoner has a right of reasonable access to the courts, he also has the obligation to obey prison rules. The right of reasonable access to the courts does not confer the right to possess any item which is contraband for other reasons. In this situation, plaintiff was not prevented from obtaining paper from other, authorized sources, and his right to communicate with the courts was thus not impaired. The actions of the prison officials did not unreasonably impair his access to the courts, and so were reasonable. Defendants are entitled to summary judgment with respect to the confiscation of the material in plaintiff's cell.

 Plaintiff Mervin McKinney also alleges that he was prevented by the ten-day isolation sentence from filing a closing brief in two cases in the United States Supreme Court. However, a sentence of ten days in isolation for possession of contraband does not constitute a

substantial nor an unreasonable interference with the right of access to the courts. Additionally, defendants allege and plaintiff does not dispute that plaintiff lost no rights in the matters he specified, since the cases were decided against him on the unopposed petitions for certiorari which he had filed earlier. On both grounds, defendants are entitled to summary judgment.

Accordingly, as to defendants, Rose, Griffin and Hardiman, summary judgment will be granted in their favor as to Count II.

Defendant DeBord's uncontested affidavit shows that he had no part in the incident described in Count II. As to defendant DeBord, summary judgment will be granted in his favor as to Count II.

■ Plaintiff Mervin McKinney also complains that he was transferred to the California State Prison at Folsom shortly after the incident described above and was denied the right to correspond with inmates at San Quentin to whom he had been giving legal advice. There is no right for inmates at different institutions to correspond, whether on legal matters or otherwise. Putt v. Clark (N.D.Ga.1969) 297 F.Supp. 27; Vida v. Cage (6th Cir. 1967) 385 F.2d 408; In re Harrell (1970) 2 Cal.3d 675, 690, modified at 2 Cal.3d 911a, 87 Cal.Rptr. 504, 470 P.2d 640. The complaint fails to state a claim upon which relief can be granted, and will be dismissed as to defendants Park and Nelson with respect to Count II.

COUNT III: Plaintiffs Mervin McKinney and Mrs. Viola McKinney allege that he sought to show her certain catalogues and brochures of legal books. Their intention was to have her buy Mervin McKinney legal books which he intended to keep in his cell. Folsom prison officials refused to allow him to show the material to his mother when she visited him.

■ It is clear that plaintiff was seeking to purchase more books than he was permitted to possess in his cell under applicable prison regulations, which limit him to sixteen hard-back volumes. The limitation is constitutionally reasonable. Fulwood v. Alexander (M.D.Pa. 1967) 267 F.Supp. 92, 95; see United States ex rel. Lee v. People of State of Illinois (7th Cir. 1965) 343 F.2d 120, 121; Konigsberg v. Ciccone (W.D.Mo. 1968) 285 F.Supp. 585, 599; In re Harrell, *supra*, 2 Cal.3d 675, 690, 87 Cal. Rptr. 504, 470 P.2d 640. It follows that the refusal to allow him to order more books through his mother was also constitutionally reasonable.

Plaintiffs fail to state a claim upon which relief can be granted. The complaint will be dismissed as to defendants Craven, Vance and Campoy with respect to Count III.

COUNT IV: Plaintiff Mervin McKinney alleges that legal papers and books were taken from him when he was transferred from San Quentin to Folsom and return of the material has since been refused. Plaintiff says the material was received by gift or purchase from other inmates.

■ Defendants point out that prison rules provide that economic transactions between prisoners are forbidden, and that books must be purchased from vendors outside the prison. Those rules are reasonable. Walker v. Pate (7th Cir. 1966) 356 F.2d 502; United States ex rel. Duronio v. Russell (M.D.Pa.1966) 256 F.Supp. 479; see In re Harrell, *supra*, 2 Cal.3d 675, 690, 87 Cal.Rptr. 504, 470 P.2d 640. Defendants Park, Nelson and Malast were therefore justified in confiscating the material improperly obtained by plaintiff. The allegation fails to state a claim upon which relief can be granted. The complaint will be dismissed as to defendants Park, Nelson and Malast with respect to Count IV.

COUNT V: Plaintiff Mervin McKinney alleges that Folsom officials interfered with his receipt of books from a legal publishing company, and refused to mail his letters of complaint on the subject of the interference to the company and to others.

■ Plaintiff makes clear in Count VIII that the refusal to permit him to receive the books was based upon the fact that he was in excess of his permitted number of books. In the discussion of Count III, that limitation was held to be reasonable. Therefore, refusing to permit him to receive the books he had ordered which were above the permissible number was also reasonable.

■ Additionally, refusing to mail out complaints to persons or agencies other than the courts is not constitutionally objectionable, for it is not interference with access to the courts. McCloskey v. Maryland (4th Cir. 1964) 337 F.2d 72, 74; Lee v. Tahash (8th Cir. 1965) 352 F.2d 970, 972; Ortega v. Ragen (7th Cir. 1954) 216 F.2d 561; Medlock v. Burke (E.D.Wis.1968) 285 F. Supp. 67, 69.

Count V thus fails to state a claim upon which relief can be granted. The complaint will be dismissed as to defendants Miranda, Craven, Galbraith and Campoy with respect to Count V.

COUNT VI: Plaintiffs Mervin McKinney and Nolan Wimberley allege that Wimberley bought a large number of books, some forty-two volumes, and gave them to McKinney in exchange for legal work to be done by McKinney for Wimberley. Prison officials confiscated the books from McKinney's cell.

■ For Wimberley to give compensation to McKinney for legal work was a violation of the prison's rule against legal assistance for reward, a regulation held proper in Johnson v. Avery, *supra,* 393 U.S. 483 at 490, 89 S.Ct. 747. The action of the authorities was therefore proper. Furthermore, forty-two volumes obviously exceeds the cell limitation held reasonable above.

■ Plaintiff McKinney seems also to be making the contention that he was excused from compliance with the prison regulations because he was working on cases in court for himself and Wimberley at the time of the confiscation. Neither Johnson v. Avery, *supra,* nor any other case grants special privileges to prisoners working on legal matters. The plaintiffs and other prisoners are entitled to reasonable access to the courts, but must still obey all applicable regulations governing their conduct.

On both stated grounds, defendant Campoy is entitled to have the plaintiffs' claims dismissed. The complaint will be dismissed as to defendant Campoy with respect to Count VI.

COUNT VII: Plaintiff Mervin McKinney claims, as he did in a similar contention in Count V, that prison officials at Folsom refused to permit him to buy an additional forty-two volumes of law books from a publishing company. A letter of complaint was permitted to be mailed out to the company, but further letters to the company demanding that the books be sent to him were not deposited in the mails by prison officials. The details of this incident are recited in In re Harrell, *supra,* 2 Cal.3d 675, 695, 87 Cal.Rptr. 504, 470 P.2d 640.

As stated in the discussion of Counts III and V, plaintiff was not entitled to exceed the sixteen-book limit placed upon all prisoners by the prison. The complaint will be dismissed as to defendants Galbraith, Faustman, Craven and Miranda with respect to Count VII.

COUNT VIII: Plaintiffs attack the rule limiting prisoners to sixteen hardbound books as unreasonable and unconstitutional. On the contrary, it is more generous than rules held constitutional in the cases cited above in the discussion of Count III. Furthermore, as the Supreme Court of California noted (In re Harrell, *supra,* 2 Cal.3d 675 at 697, 87 Cal.Rptr. 504, 470 P.2d 640) plaintiffs could have access to the books simply by purchasing them and donating them to the prison library. The complaint fails to state a claim upon which relief can be granted. The complaint will be dismissed as to defendants Procunier, Craven, Galbraith and Faustman with respect to Count VIII.

COUNT X: Plaintiff Mervin McKinney complains that two Folsom Prison officials refused to deliver to him the

law books that in Count V he says he was refused permission to have in his cell. Since Count V fails to state an actionable claim, it is clear that Count IX is also vulnerable to a motion to dismiss by defendants Miranda and Sexton. The complaint will be dismissed as to defendants Miranda and Sexton with respect to Count IX.

COUNT X: This count contains two individual complaints. In the first, plaintiff Mervin McKinney alleges he was disciplined for attempting to write a check on the account of an inmate named McKnight who was in solitary confinement, to accompany a pleading in a civil suit for money damages which McKinney was seeking to file on behalf of McKnight.

Whether McKinney's motives were beneficent or not, prison officials did no violence to the constitutional rights of either when they refused McKinney permission to write checks on the account of McKnight and instead gave the papers to McKnight to do with as he pleased. The responsibility for the lawsuit was McKnight's, not McKinney's, and especially where a check is involved, requiring McKnight to take action personally rather than through McKinney was reasonable. Therefore, the complaint fails to state a claim upon which relief can be granted.

The complaint will be dismissed as to defendant Miranda with respect to Count X.

Plaintiff Mervin McKinney also complains of another incident mentioned in In re Harrell, *supra*, 2 Cal.3d 674 at 688–689, 87 Cal.Rptr. 504, 470 P.2d 640. He had in his possession a habeas corpus petition seeking the release from isolation of an inmate named Tedd. The petition was taken from McKinney and given to Tedd.

The California Supreme Court properly concluded that McKinney has no right to file on behalf of another inmate absent extraordinary circumstances. In re Harrell, *supra*, 2 Cal.3d 675 at 689, 87 Cal.Rptr. 504, 470 P.2d 640. It

is significant that Tedd chose not to file the petition on his own behalf when given the opportunity. It appears that in this instance, McKinney was one of the "intruders or uninvited meddlers" against whom the Court of Appeals for the Ninth Circuit warned in Wilson v. Dixon (9th Cir. 1958) 256 F.2d 536.

Prison officials Miranda, Malast and Nelson violated no rights of plaintiff McKinney in taking the documents from him and giving them to the inmates on whose behalf they were prepared because in the circumstances he pleads McKinney had no right to file suit for either of the inmates mentioned in Count X.

The complaint will be dismissed with leave to amend as to defendants Malast and Nelson with respect to Count X.

COUNT XI: This contention simply asks punitive damages for each of the previous ten counts. Since no rights of plaintiffs have been invaded, no damages of any nature would be proper. Count XI will be dismissed.

Defendants Thomas, Gunn, Ahern and McCreadie were named in the caption of the pleadings, but no allegations in the body of the complaint indicate that they were involved in any of the matters of which complaint is made. They moved to dismiss, and plaintiffs elected to stand on their pleadings. The complaint will be dismissed as to defendants Thomas, Gunn, Ahern and McCreadie.

Numerous other pleadings by plaintiffs remain, but may be disposed of readily.

Plaintiff Mervin McKinney requested permission to proceed in propria persona as "next of friend" for the other two plaintiffs. Defendants opposed the motion. In light of the conclusions stated above concerning the merits of the suit there is no need to rule on this contention.

Plaintiffs sought equitable relief against future actions of the sort alleged in the suit. In light of the conclusion that prison officials have acted in good faith and in accord with the prison rules

in effect at the time of their actions, no order would be proper. Additionally, there have been several changes in prison regulations since the incidents in this suit which would make it unlikely that many of these events would reoccur. For those reasons, plaintiffs "suit in equity" and "motion for declaratory judgment of rights" are dismissed.

Plaintiff Mervin McKinney also sought an order "pendente lite" to force prison officials to give him the books about which complaint is made in Count VII during the pendency of this suit. Since he has no right to the books, he has no right to possession of them during the suit and his motion will be denied.

Plaintiff Mervin McKinney moved for summary judgment against defendants. In light of the ruling that the defendants were entitled to summary judgment in their favor on some counts, and that the other counts failed to state a claim upon which relief could be granted, it is obvious that plaintiffs' motion must be denied.

In light of the fact that plaintiffs have insisted on standing on the complaint as drafted, no good purpose would be served by permitting them to amend the complaint. The orders dismissing various counts will therefore be made without leave to amend.

It is therefore ordered:

That summary judgment be and hereby is granted in favor of defendants DeBord, Fowler, Hardiman, Larson, Harrington, Cox, Rose and Griffin.

That the action be and hereby is dismissed without leave to amend as to defendants Malast, Park, Nelson, Craven, Faustman, Vance, Galbraith, Campoy, Thomas, Gunn, Miranda, Ahearn, Sexton, McCreadie and Procunier.

That the "suit in equity" and the "motion for declaratory judgment of rights" be and are hereby dismissed.

That the motion "pendente lite" be and hereby is denied.

That plaintiff Mervin McKinney's motion for summary judgment be and hereby is denied in all respects.