**J. B. TAYLOR et al., Plaintiffs,**

v.

**E. P. PERINI, Superintendent Marion Correctional Institution, Defendant.**

Civ. No. 69–275.

United States District Court,
N. D. Ohio, W. D.

Oct. 18, 1972.

See, also, D.C., 359 F.Supp. 1185.

———◆———

Niki Z. Schwartz, Cleveland, Ohio, for plaintiffs.

Richard Igo, Asst. Atty. Gen., Columbus, Ohio, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

DON J. YOUNG, District Judge.

This action was initially commenced as a class action seeking relief from various conditions then existing at the Marion Correctional Institution, in Marion, Ohio. This suit was consolidated with an action brought by another inmate of the institution. Bennett v. Perini, Civil No. C 71–370 (N.D.Ohio W.D.). The result of these actions were sweeping reforms in the policies of the institution and the conditions that existed there. These changes were expressed in the form of a Consent Order, which was filed on September 12, 1972.

Plaintiff, as an individual, filed a supplemental complaint in this matter and sought to recover damages from defendant Perini. Trial of this issue was held on May 23, 1973, and the attorneys were allowed to argue their positions in post-trial briefs, which have now been filed.

The evidence adduced at the trial revealed that on January 17, 1970, certain papers containing the names of possible witnesses in this matter were taken from plaintiff by the visiting room officer, pursuant to an unwritten division, or perhaps state-wide, rule, when plaintiff attempted to give them to his attorney, without first having them examined and cleared by the proper officer. Defendant, sometime thereafter, spoke to plaintiff concerning the material taken by the officer and the rule which plaintiff had violated. During the discussion, plaintiff became belligerent or boisterous, which the defendant regarded as being insolent to an official and as a result, plaintiff was deemed by defendant to be a malcontent and defendant concluded that he was not amenable to a medium security institution. Defendant then decided to request an administrative transfer of plaintiff back to the Ohio Penitentiary, which was granted. Plaintiff was placed in isolation pending the effectuation of the transfer. At the time, this was routine to a transfer.

Regardless of what characterization is placed upon these facts by the parties and whether they show that defendant violated any of plaintiff's federally protected rights (and this Court is inclined to believe they did not), it is apparent that the defendant, at all times, was acting in good faith to carry out his duties as he understood them. It is the conclusion of this Court that at the time these incidents occurred, defendant was relying upon statutes, regulations or procedures which he believed were entirely proper even though some of them were unwritten. That many of these statutes and regulations have subsequently been substantially changed or abolished by one means or another in no way impeaches the defendant's good faith reliance upon them at the time. It is further the conclusion of the Court that, as a consequence, defendant cannot now be held liable to plaintiff for damages. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); McKinney v. DeBord, 324 F.Supp. 928 (E.D.Cal.1970).

This opinion will serve as the Court's findings of fact and conclusions of law and an order will be entered in accordance herewith.