Kjell HAUGLAND, Plaintiff,

v.

WINNEBAGO INDUSTRIES,
et al., Defendants.

No. CV 03–1418PHXMS.

United States District Court,
D. Arizona.

July 8, 2004.

Marshall Meyers, Krohn & Moss Ltd, Phoenix, AZ, for Plaintiff.

Kerry Matthew Griggs, Patrick Gerard Rowe, Cavanagh Law Firm PA, Negatu Molla, Esq, Lori Anne Van Daele, David Wendall Williams, Bowman & Brooke, James K. Kloss, Esq, Lewis & Roca LLP, Phoenix, AZ, for Defendants.

Jerry Doyle Worsham, II, Gammage & Burnham PLC, Phoenix, AZ, for Arbitrator.

### ORDER

SITVER, United States Magistrate Judge.

Before the Court are the following motions:

1. Plaintiff's "Motion to Conduct Discovery" (Doc. # 22);

2. Defendant Workhorse Custom Chassis' ("Workhorse") "Motion to Dismiss" (Doc. # 27); and,

3. Plaintiff's "Motion to Strike Affidavit of Alan Cohen" (Doc. # 30).

On March 30, 2004, Defendant Atwood Mobile Products ("Atwood") joined in Workhorse's Motion to Dismiss (Doc.

**1.** See CV 03–1417–PHX–FJM, Doc. # 77.

**2.** Hereinafter referred to as "Defendants." Defendant Winnebago has not filed a motion to dismiss, and has not joined in the other Defendants' Motion to Dismiss.

# 39). On May 19, 2004, Workhorse withdrew Section IV of its Motion to Dismiss (the failure to exhaust or pursue informal dispute resolution claim) pursuant to Judge Martone's May 14, 2004 Order[1] in which he reminded the parties that his denial of Workhorse's Motion to Dismiss may have preclusive affects in other similar, but unconsolidated, cases (Doc. # 49). Accordingly, Plaintiff's Motion to Strike the Affidavit of Alan Cohen, which Defendant Workhorse submitted in support of its exhaustion argument, will be denied as moot.

Defendants Workhorse and Atwood[2] maintain, however, that their Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim should still be entertained by the Court. Workhorse manufactured the chassis of Plaintiff's allegedly defective motor home, and Atwood the water heater, for the RV manufacturer, Defendant Winnebago Industries ("Winnebago"). Plaintiff purchased the motor home from La Mesa RV Center, who is not a party to this action.[3]

## I. Subject Matter Jurisdiction

### A. Amount in Controversy

■ Defendants contend, as Workhorse did before Judge Martone and Judge Campbell,[4] that the Court cannot exercise subject matter jurisdiction over this case. Defendants argue that because the value of Plaintiff's claim is less than $50,000, Plaintiff does not satisfy the Magnuson Moss Warranty Act's ("MMWA")[5] amount in controversy requirement.[6] Judge Martone and Judge Campbell have both determined that the $50,000 requirement relates

**3.** Plaintiff's Complaint at Exh. A.

**4.** See CV 03–2082–PHX–DGC.

**5.** 15 U.S.C. §§ 2301 et seq.

**6.** 15 U.S.C. § 2310(d)(3).

to the value of the motor home as a whole, not its component parts.[7] This Court agrees. Plaintiff has satisfied the amount in controversy requirement because he seeks a refund of $167,559.40 [8] paid for the motor home.

## B. Vagueness

As further basis for their argument that the Court lacks subject matter jurisdiction, and should dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants claim that other than a jurisdictional statement, Plaintiff's Amended Complaint contains no averment alleging that Defendants are in breach of the MMWA. In his response, Plaintiff counters that Federal Rule of Civil Procedure 8 requires only notice pleading, and that the Rule "creates a strong presumption" against dismissing the Amended Complaint as deficient. In its Reply, Workhorse maintains that it could not from the face of the Amended Complaint determine whether Plaintiff's claim was under the MMWA, Arizona's Lemon Law, or both, and that it is not acceptable for Plaintiff to refer to the MMWA for the first time in this litigation in its response to the Motion to Dismiss.

The Court will deny Defendants' Motion to Dismiss based in the vagueness of the claims contained in the Amended Complaint. If Defendants found the complaint "so vague or ambiguous" that they could not be "required to frame a responsive pleading," Defendants could have filed a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). The Court notes the Defendants' claim—that in no way could it determine the basis of Plaintiff's claims from the Amended Complaint—is somewhat disingenuous, in that Plaintiff's amended complaints in Judge Martone's and Judge Campbell's cases are virtually identical to the Amended Complaint in this case. Defendants in those cases, however, made no claim in their motions to dismiss that the amended complaints should be dismissed for vagueness.

## C. Lack of Federal Question

Defendants claim that because Plaintiff only asserts an implied warranty of merchantability against them, and because the implied warranty of merchantability claims arises solely under state law, no federal question exists and the complaint must be dismissed. However, in the same motion, Defendants concede that limited warranties were issued to Plaintiff. Whether or not implied warranties may be asserted against Defendants, see analysis *infra*, liberally construed, Plaintiff's amended complaint contains an averment that Defendants have breached their express warranty. See ¶¶ 8, 11, Amended Complaint. Defendants' Motion to Dismiss on this ground will therefore be denied.

## II. Failure to State a Claim Under Rule 12(b)(6)

Defendants aver that Plaintiff fails to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), for breach of implied warranty of merchantability and breach of express limited warranty. Specifically, Defendants aver that Plaintiff's breach of implied warranty of merchantability claim fails as a matter law for lack of privity under Arizona law. As for Plaintiff's breach of express limited warranty claim, Defendants argue that the "reasonableness" of Defendants' repairs is not the standard for determining whether Defendants' breached their limited warranty because Plaintiff fails to plead any state law

---

7. *See* CV 03–1417–PHX–FJM (Doc. # 77 at 4) and CV 03–2082–PHX–DGC (Doc. # 37 at 2).

8. Plaintiff's Amended Complaint at 2 (Doc. # 18).

claims in the Amended Complaint. Therefore, the Court's analysis of breach of limited warranty is limited to the four corners of the warranty itself, which Defendants contend was not breached.

## A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may only dismiss a plaintiff's complaint if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir.1980). The question presented by a motion to dismiss for failure to state a claim is not whether a plaintiff will prevail in an action, but instead whether Plaintiff is entitled to offer evidence in support of the claims contained in the complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Usher v. Los Angeles,* 828 F.2d 556, 561 (1987). Dismissal is proper under Rule 12(b)(6) only when a plaintiff presents no cognizable legal theory to support his claims, or an absence of facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988).

■ In evaluating a motion to dismiss under Rule 12(b)(6), the Court must assume that all of plaintiff's allegations are true, and must construe the complaint in a light most favorable to the plaintiff. *McKinney v. Debord,* 324 F.Supp. 928 (E.D.Cal.1970). "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001). Even if documents are not physically attached to the Complaint, however, the Court may consider them without converting the Rule 12(b)(6) motion to dismiss into a motion for summary judgment if the documents' " 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Id.* (quoting *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir.1998)).

## B. Whether the Federal or State Law Applies to Plaintiff's Implied Warranty of Merchantability Claim, and, If State Law Does Apply, Whether Arizona Requires Privity of Contract

Defendants contend that Plaintiff fails to state a claim for breach of implied warranty of merchantability because Defendants did not directly sell the motor home or its components to Plaintiff and therefore no privity of contract exists. The Court notes that in the Amended Complaint, Plaintiff only refers to an implied warranty of merchantability claim,[9] although implied warranties include an implied warranty of fitness as well as merchantability.[10] In its Motion to Dismiss, Workhorse addresses only an implied warranty of merchantability claim.

Plaintiff acknowledges that the Arizona Supreme Court in *Flory v. Silvercrest Industries,* 129 Ariz. 574, 633 P.2d 383 (1981) required privity of contract for implied warranty of merchantability claims made pursuant to the Arizona Uniform Commercial Code ("U.C.C.").[11] Plaintiff notes, however, that the Arizona Supreme Court later clarified in *Richards v. Powercraft Homes, Inc.,* 139 Ariz. 242, 678 P.2d 427 (1984) (*en banc* ), that the privity requirement only applies to U.C.C. claims. Plaintiff states that his implied warranty claims are brought pursuant to the MMWA and not the Arizona U.C.C., and that the Court

---

9. *See* Amended Complaint at ¶ 19.

10. *See* A.R.S. § 47–2315.

11. *Id.* § 47–2314.

should not apply "antiquated" privity requirements in MMWA cases.[12]

Defendants counter that under the MMWA, implied warranties arise only under state law. Defendants cite *Walsh v. Ford Motor Co.*, 588 F.Supp. 1513, 1527 (D.D.C.1984), which held that Arizona law applies to MMWA implied warranty claims and that privity of contract is required. Defendants distinguish the later decision of the Arizona Supreme Court in *Richards*, noting that the Arizona Supreme Court in *Columbia Western Corp. v. Vela*, 122 Ariz. 28, 592 P.2d 1294 (1979), distinguished between implied warranties created by statute (e.g., Arizona U.C.C. claims such as the implied warranty of merchantability) and those imposed "by law" (such as the implied warranties of workmanship and habitability). Therefore, although the Arizona Supreme Court in *Richards* eliminated the privity requirement for implied warranties of habitability and workmanship because such warranties are implied "in [case] law," it did not overrule the privity requirement for implied warranty of merchantability claims that arise under the Arizona U.C.C.

■ Under the MMWA, a consumer who is damaged by a supplier's failure to comply with an implied warranty may file a claim in federal court. 15 U.S.C. § 2310(d). The MMWA defines "implied warranty" as "an implied warranty arising under state law ... in connection with the sale by a supplier of a consumer product." *Id.* § 2301(7). The Ninth Circuit has not addressed whether the cause of action for breach of implied warranties referenced in

the MMWA arises solely under state law. The Seventh, Second and D.C. Circuits, as well as all lower federal courts addressing the issue, however, have held that implied warranty claims asserted in a MMWA action are interpreted solely under state law, and that where state law requires privity of contract, a plaintiff's implied warranty claims fail both under state law and the MMWA.[13] The Court is persuaded by the reasoning in those cases, and therefore finds that Arizona law applies to the question of whether vertical privity of contract is required for Plaintiff to maintain a breach of implied warranty claim against Defendants.

■ As to whether Arizona law requires privity of contract, the Arizona Supreme Court has held, without precluding the plaintiffs' other potential theories of recovery, that privity of contract is required for breach of implied warranty claims made pursuant to the Arizona U.C.C. *Flory*, 633 P.2d at 389. Three years after *Flory* was decided, in an opinion written by the same Arizona Supreme Court Justice, the court reasoned that although remedies established "in law" do not require privity of contract, such as implied warranties of habitability and workmanship, remedies clearly codified in the Arizona U.C.C. such as the implied warranty of merchantability still require privity of contract. *Richards*, 678 P.2d at 429 (stating that the implied warranty of merchantability in A.R.S. section 44–2331 (now section 47–2314) requires privity of contract). The Arizona Supreme Court held that same year in

---

12. Presumably Plaintiff concedes that there is no privity of contract between himself and Defendant Workhorse and Atwood.

13. *Voelker v. Porsche Cars of North America, Inc.*, 353 F.3d.516, 525 (7th Cir.2003); *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1014–16 (D.C.Cir.1986); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 247–249 (2nd Cir.

1986). See also *Watson v. Damon Corp.*, 2002 WL 32059736, *4, 2002 U.S. Dist. LEXIS 27084 at *17 (W.D.Mich.); *Feinstein v. Firestone Tire & Rubber Co.*, 535 F.Supp. 595, 606 n. 13 (S.D.N.Y.1982) (stating in a MMWA case that "if state law requires vertical privity to enforce an implied warranty", and there is none, then, like the yeastless souffle, the warranty does not "arise").

*Dietz v. Waller*, 141 Ariz. 107, 685 P.2d 744, 748–49 (1984), that the breach of implied warranty of merchantability provision in the Arizona U.C.C. "is imposed by operation of law for the benefit of buyers [and] should be liberally construed to protect them." However, the court specifically noted in its opinion that it would not address the issue of privity because the appellee did not raise the issue. *Id.* at n. 2.

■ Under Arizona law, a plaintiff not in vertical privity with a defendant may assert non-U.C.C. claims for the implied warranty of habitability and workmanship. However, the Arizona Supreme Court has not established a non-U.C.C. claim for the warranty of merchantability for those persons not in privity of contract.[14] Because vertical privity of contract between Plaintiff and Defendants is required to assert a U.C.C implied warranty of merchantability claim, and such privity is absent in this case, Plaintiff's implied warranty of merchantability claims against Defendants Workhorse and Atwood will be dismissed.

### C. Whether Plaintiff's Breach of Express Limited Warranty Claim Fails as a Matter of Law

Defendants contend that the standard for determining whether a limited warranty has been breached under the MMWA is determined by the four corners of the warranty itself,[15] not whether the issuer of the limited warranty has made reasonable attempts to cure the defect. Plaintiff counters that the standard in both federal and Arizona law is not whether Defendants refused to make repairs, but whether Defendants "perform[ed] competent repairs within a reasonable opportunity." Plaintiff contends that whether Defendants made such repairs is a question for the trier of fact, and that he is entitled to relief beyond the four corners of the contract. Defendants reply that the Court should not read the "reasonableness" of remedy standard applicable to full warranties under the MMWA[16] into limited warranties that are not required to meet federal minimum standards.[17] Defendants further argue that the cases Plaintiff cites derive from U.S.C. or Arizona Lemon Law jurisprudence and cannot be applied to MMWA claims for breach of limited warranty because Plaintiff has not asserted any U.C.C. claims.

■ Defendants cite no federal case law, or legislative history of the MMWA, to support their contention that Congress intended the "refund and replace" and "reasonableness" standards to apply only to full warranties, and that a plaintiff cannot seek redress under state law that applies a "reasonableness" standard to allegations that a warrantor breached limited warranties. Indeed, Defendants cite to a case which held that pursuing an MMWA claim does not "restrict any right or remedy of any consumer under state law or other federal law." *Ventura v. Ford Motor Co.*, 180 N.J.Super. 45, 433 A.2d 801, 810 (1981) (citing 15 U.S.C. § 2311(b)(1); 2310(d)(1) (providing that a consumer damaged by a warrantor's failure to comply with a written warranty may seek "damages and other legal and equitable relief")). The court in *Ventura* went on to

---

**14.** The Arizona U.C.C. displaces law and equity claims, except under limited circumstances. *See* A.R.S. § 47–1103.

**15.** The Court notes that Defendants seeks dismissal of the Complaint based on the express warranty that issued. However, even if the Court would consider matters outside the pleadings on a motion to dismiss, including the express warranty, the express warranty has not been presented to the Court for consideration.

**16.** 15 U.S.C. § 2404.

**17.** *Id.* § 2403.

hold that the plaintiff, who was issued a limited warranty, could seek revocation of acceptance under New Jersey law for breach of implied warranty. Under the Arizona U.C.C., a warrantor who issues a limited warranty must perform repairs after given a reasonable opportunity to do so, and if the warrantor fails to perform such repairs within a reasonable time, a plaintiff may seek other damages such as revocation of acceptance. *Roberts v. Morgensen Motors,* 135 Ariz. 162, 659 P.2d 1307, 1311 (1982).

As a matter of law, the Court finds that Plaintiff's MMWA action does not preclude remedies for Defendants' breach of limited warranty that are available to him under Arizona law. In the light most favorable to Plaintiff, the Amended Complaint can be construed to contain claims under the MMWA and Arizona state law. Plaintiff's complaint states that he has not been provided the "remedies" for which he is entitled (Amended Complaint at ¶ 16), and that Defendants have failed to comply with their "statutory duties" (*id.* ¶ 17). State remedies in this case involve a question of whether Defendants actions were reasonable, which necessitates a determination of facts outside the pleadings. Plaintiff has presented sufficient facts in support of his claim which would entitle him to relief so as to preclude dismissal on a motion to dismiss. Accordingly, the Court will Deny Defendants' motion to dismiss breach of express limited warranty claims.

### III. Orders

IT IS ORDERED that:

1. Defendant Workhorse and Atwood's "Motion to Dismiss" (Doc. # 27) is GRANTED in part. Plaintiff's implied warranty of merchantability claim is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). In all other respects,

Defendants' "Motion to Dismiss" is DENIED.

2. Plaintiff's "Motion to Strike Affidavit of Alan Cohen" (Doc. # 30) is DENIED as moot for the reasons stated herein.

3. Plaintiff's "Motion to Conduct Discovery" (Doc. # 22) is DENIED as moot.