518 P.2d 1008

Lenna CHAMBERS, a widow, and Cynthia Ann Chambers, a minor, By and Through her next friend and mother, Lenna Chambers, Appellants,

v.

Phil TABER and Phyllis J. Taber, his wife, dba Signal Mountain Ranch, Appellees.

No. 2 CA–CIV 1458.

Court of Appeals of Arizona, Division 2.

Feb. 7, 1974.

Rehearing Denied March 19, 1974.

Review Denied April 9, 1974.

Penterman & Corbet by Leo F. Corbet, Jr., and Clayton R. Hamblen, Phoenix, for appellants.

Harold J. Maupin, Donald R. Wilson, and William G. Fairbourn, Phoenix, for appellees.

## OPINION

HATHAWAY, Chief Judge.

Appellants Lenna and Synthia Chambers (hereinafter referred to as plaintiffs) appeal from denials of two motions for a new trial after judgment had been entered against them on a jury verdict in favor of appellees Phil and Phyllis Taber (hereinafter referred to as defendants).

On August 7, 1968 plaintiffs' decedent, Adolphus C. Chambers, was electrocuted when he attempted to turn off an electrical current running to a well pump located on the Signal Mountain Ranch. His employer, Hanson Pump Company had received a call from an employee of the Signal Mountain Ranch asking it to repair the motor after an electrical storm. Hanson Pump Company had sent Mr. Chambers to remove the motor and bring it back for repairs.

On August 6, 1970, plaintiffs filed a complaint against defendants seeking to recover for the wrongful death of Mr. Chambers. After a three day trial and a jury verdict for defendants, judgment was entered against plaintiffs on November 14, 1972.

Plaintiffs moved for a new trial based upon newly discovered evidence on December 11, 1972. Their first assertion on appeal is that a denial of this motion was error.

The facts surrounding the motion for a new trial are as follows: On June 30, 1967, defendants had signed a two year lease with the owners of the Signal Mountain Ranch. Two documents were later executed which affected defendants' leasehold interest. One, entitled "Assignment of Lease by Lessees" provided that defendants assigned their lease to Southwest Grazing, a New Mexico corporation. It is dated July 15, 1967 and purportedly executed on that date (the accident occurred on August 7, 1968). It was acknowledged by a notary public on September 13, 1968. The other, entitled "Acceptance and Assumption by Lessee" provided that Southwest Grazing accepted the assignment. It

was dated July 15, 1967 and purportedly signed by the president of Southwest Grazing on that date. It was acknowledged by one Ilene K. Larson, a notary public in New Mexico, on September 10, 1968.

The newly discovered evidence was an affidavit from Ilene K. Larson dated December 6, 1972 (almost a month after the judgment was entered) stating that the document providing that Southwest Grazing accepted defendants' assignment was signed by the president of Southwest Grazing on September 10, 1968. Plaintiffs argue that this affidavit would conclusively rebut evidence which defendants introduced at trial tending to show that they were not in possession or control of the land on the date of decedent's death.

■ A verdict, decision or judgment may be vacated and a new trial granted on motion when the movant shows "(m)aterial evidence, newly discovered, which with reasonable diligence could not have been discovered and produced at trial." A.R.C.P. Rule 59(a)(4), 16 A.R.S. A motion for a new trial based upon newly discovered evidence calls for the exercise of discretion on the part of the trial court. Sabin v. Rauch, 75 Ariz. 275, 255 P.2d 206 (1953); McClennen v. McClennen, 11 Ariz. App. 395, 464 P.2d 982 (1970).

Plaintiffs first came into possession of the documents which assigned and accepted the assignment of the leasehold on or about February 1, 1972 (approximately eight months prior to trial) when defendants moved for summary judgment. The motion was based upon defendants' assertion that they had no possessory interest in the Signal Mountain Ranch at the time of decedent's death. Defendants attached the aforementioned assignment and acceptance documents to their motion. Plaintiffs' opposition to the summary judgment motion contended that the documents were executed after decedent's death and that since defendants alleged they were executed before the accident, there was a material issue of fact. The trial court's denial of the motion meant only that there was a material

issue of fact to be tried and was not a decision on the merits. A.R.C.P. Rule 56.

Therefore, we are presented with a situation wherein plaintiffs knew that the date upon which both documents were executed would be a crucial issue in the case. Nevertheless, they failed to contact Ilene K. Larson to ascertain the date of execution of the acceptance. They failed to show that they had made a reasonable effort to locate the notary prior to trial. Instead they argue that during the eight months before trial, they were deceived by defendants into believing that there was no factual issue as to possession of the land and therefore thought the evidence to be unnecessary.

■ First, plaintiffs argue that in the memorandum of points and authorities attached to a second motion for summary judgment, defendants made several statements to the effect that defendant Phil Taber was the owner of the land. Bald statements made in arguments attached to pretrial motions should have no effect upon a party's duty to gather evidence necessary to his case. Unless and until the opposing party formally concedes an issue, the litigant should continue to gather evidence bearing upon that issue.

■ Second, plaintiffs maintain that they were deceived because the issue of ownership was not included in the pretrial order. The pretrial order included the issue of defendants' negligence. It is clear that when a plaintiff sues for negligence relating to an injury on private property, he must show a duty on the part of defendant. A duty may arise if plaintiffs show defendant to be an owner, possessor or occupier of the land. The question of ownership or occupancy of the land was clearly crucial to the issue of defendant's negligence and therefore was covered by the pretrial order. Accordingly the trial court did not abuse its discretion in denying plaintiffs' motion for a new trial since they did not show that in the exercise of reasonable diligence they would not have discovered that the acceptance of the as-

signment was executed subsequent to the accident.

Plaintiffs' second contention of error is that the trial court erred in sustaining an objection to two hypothetical questions asked of Peter Joaqhim, an experienced electrician who qualified as an expert. The decedent was electrocuted as he touched the power switch in an attempt to turn it off and de-energize the installation. One of the central questions at trial was whether, based upon his knowledge of electrical motors, he had used due care. Although the decedent had worked around pumps and electrical moto s for some years, he was not an electrician.

Plaintiffs' counsel first asked Mr. Joaqhim whether, based upon the facts surrounding the accident, there would "be any reason for him not to do precisely what I have said that he did do?" Defendants' counsel objected and questioned Mr. Joaqhim on voir dire. Mr. Joaqhim essentially stated that it would be "difficult" to estimate exactly how a man with decedent's experience would have approached the pump since he did not know how much knowledge a man in decedent's position would have acquired over the years.

Clearly the question was intended to elicit an opinion of the expert witness as to whether the decedent used due care in touching the switch. When a person possesses knowledge or skill superior to that of the ordinary person, the law will demand of him conduct consistent with it. Prosser, Law of Torts, p. 161 (4th ed. 1971). Mr. Joaqhim's testimony on voir dire makes it clear that he was unable to evaluate the reasonableness of decedent's conduct because he was uncertain as to the extent of his knowledge of and familiarity with electricity. We cannot hold that the trial court abused its discretion in refusing to allow Mr. Joaqhim to answer this question relating to the decedent's use of due care.

The second hypothetical question related to how a "pump" man, such as the decedent, would approach the installation. Although Mr. Joaqhim stated that he was familiar with the average knowledge of electricity possessed by a "pump" man, this foundation was impeached on voir dire when defendants' counsel introduced the following testimony given by Mr. Joaqhim at a deposition prior to trial:

"Question: Would anybody that's familiar with electricity, a pump man or electrician, have realized or known, that someone would have approached this installation the way this man did?

Answer: They could have, but I can't say. I mean you are asking me something I can't honestly answer."

There was no attempt made to explain this prior testimony indicating that Mr. Joaqhim did not know how the average pump man would have approached the installation. Under the circumstances, we likewise find no abuse of the trial court's discretion in sustaining an objection to this question.

Plaintiffs next claim that the trial court committed prejudicial error in allowing defendants to introduce evidence tending to show that they had assigned their lease before the accident and were therefore not occupiers of the Signal Mountain Ranch. Plaintiffs assert that this was not an issue in the case because defendants failed to allege lack of "ownership" as an affirmative defense. There is no merit to this contention since, as noted above, ownership or occupation of the land is an element of plaintiffs' prima facie case. Since the issue of defendants' negligence was embodied in the pretrial order, evidence of non-occupation was properly admitted since it tends to prove no duty owed by defendants and therefore no negligence.

Plaintiffs assert that the trial court committed error on two occasions by allowing reference to be made to Workmen's Compensation benefits which Mrs. Chambers was receiving. Plaintiffs' counsel on the first day of trial, asked the trial judge to read a list of prospective witnesses to determine whether any of the jurors knew them. The list, given to the trial judge by

plaintiffs' counsel, apparently made reference to the custodian of records of the Arizona Industrial Commission. In reading the list, the court stated " . . . and then someone from the industrial commission who is just the custodian of records may be called."

The second asserted reference to Workmen's Compensation came later in the trial after Mrs. Chambers had testified. She had stated on direct examination that her living expenses since her husband's death had come out of a savings account. Defendants' counsel desired to impeach this testimony with evidence that Mrs. Chambers had actually been receiving $250 per month from the Industrial Commission and $200 per month from employment. After plaintiffs' objection to this evidence had been overruled, they stipulated, without waiving their objection, to the admission of evidence that plaintiff received $450 per month without reference to the source of the income.

 Plaintiffs complain that these alleged errors violated the Collateral Source Rule by raising the question of insurance in the minds of the jurors. Even assuming that the trial court erred in either instance it could not have prejudiced plaintiffs. The jury verdict for defendants rested solely upon the question of liability. The asserted error was harmless since it could only influence the jury to reduce damages and would not affect its decision on liability.

In LaFrentz v. Gallagher, 105 Ariz. 255, 462 P.2d 804 (1969), certain evidence relevant only to the propriety of a punitive damages award had been excluded. Our Supreme Court held that since the jury had found no actual damages, any error in excluding the evidence was harmless. In Crosby v. Smith, 13 Ariz.App. 243, 475 P.2d 728 (1970), Division One of this court held that the exclusion of evidence relating to damages in a contract case was non-prejudicial to plaintiff when judgment was rendered in favor of defendant on the liability issue. We are faced with a similar

situation and therefore hold that any improper references to Workmen's Compensation were harmless since plaintiffs did not prevail on the liability issue.

 Finally, plaintiffs complain that the trial court erred in granting defendant Phil Taber a protective order during discovery. Whatever the merits of this contention, we decline to consider it since it was not raised in either of plaintiffs' motions for a new trial and plaintiff has appealed solely from the rulings concerning such motions.

Affirmed.

KRUCKER and HOWARD, JJ., concur.