659 P.2d 1307

Leonard N. ROBERTS and Charlotte B. Roberts, Plaintiffs-Appellees,

v.

MORGENSEN MOTORS, an Arizona corporation, Defendant-Appellant.

No. 1 CA–CIV 5542.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 23, 1982.

Rehearing Denied Dec. 29, 1982.

Review Denied Feb. 1, 1983.

Law Offices of Ronald W. Meyer by Ronald W. Meyer, Patricia J. Finley, Phoenix, for defendant-appellant.

Shimmel, Hill, Bishop & Gruender, P.C. by Richard B. Kelly, Susan R. Bolton, Phoenix, for plaintiffs-appellees.

## OPINION

GRANT, Judge.

This is an appeal by Morgensen Motors ("Morgensen") from the trial court's denial of Morgensen's motion for new trial and to set aside judgment.

On April 13, 1979, Leonard N. Roberts and Charlotte B. Roberts, filed a complaint against Morgensen alleging breach of express warranty, breach of implied warranty, negligence, rescission, fraud, and consumer fraud. The Roberts asserted that the car they bought from Morgensen contained numerous defects.

After trial to the court rescission was granted in favor of the Roberts, plus incidental damages for interest. Counsel for the Roberts was directed to submit findings of fact, conclusions of law, a proposed judgment, and an affidavit regarding attorneys' fees, which he did on May 12, 1980.

On May 15, 1980, Morgensen moved for a new trial on the ground that the reverse side of the purchase contract between the parties was "newly discovered" evidence. Following oral argument the motion was

denied. Then, on the same day the court signed findings of fact and conclusions of law, as well as the judgment, which included an award of attorneys' fees.

The findings of fact establish that the Roberts purchased a 1978 Peugeot station wagon from Morgensen on October 23, 1978 for $10,174.00. During the first three months and 1800 miles of use, the car required numerous repairs and was in Morgensen's possession for 41 days.

On January 24, 1979, the Roberts refused to accept the car back from Morgensen after repairs had allegedly been completed. On March 12, 1979, the Roberts gave Morgensen written notice that they were revoking their acceptance of the automobile and demanded return of the purchase price. Thereafter, Morgensen refused to return the purchase price to the Roberts and Morgensen or its agents drove the car over 1400 additional miles.

The trial court, in its conclusions of law, ruled that language in the purchase contract (the "vehicle buyer's order") purporting to exclude and modify express and implied warranties was not conspicious as required by A.R.S. § 44–2333(B). The trial court also ruled that the circumstances of this case were sufficient to cause Morgensen's limited remedy of repair or replacement of non-conforming parts to fail of its essential purpose. Thus, the trial court held the Roberts justifiably revoked their acceptance of the car because the nonconformities in the car substantially impaired its value.

After the trial court signed the judgment, Morgensen moved to set it aside asserting mistake or surprise. *See,* rule 60(c)(1), Arizona Rules of Civil Procedure. Morgensen contended that the attorneys' fees were awarded improperly and also excessively. The trial court denied both the objection and the motion to set aside. Morgensen then appealed.

## I. MOTION FOR NEW TRIAL

Morgensen in its motion for new trial requested the trial court "to re-open the trial for the admission of a correct exhibit and to amend the findings of fact to find in favor of the Defendant." The "correct exhibit" offered by Morgensen was the complete purchase contract between the parties. A copy of the front side had been admitted into evidence at trial, but apparently, counsel for Morgensen did not realize before or at trial that there was a reverse side to the purchase contract. Counsel for Morgensen subsequently learned that the purchase contract did indeed have two sides when he spoke with an attorney for the Arizona Automobile Dealers Association.

Morgensen claims that the trial court could have granted its motion for a new trial pursuant to either rule 59(a)(4) (newly discovered evidence) or rule 60(c)(1) (mistake, inadvertence, surprise or excusable neglect) of the Arizona Rules of Civil Procedure. However, rule 60(c)(1) could not properly serve as a basis for Morgensen's motion for new trial because there was no "final judgment, order or proceeding" when Morgensen moved for a new trial.[1] Yet because the grounds in rule 60(c)(1) are similar to those in rule 59(a)(3) (accident or surprise which could not have been prevented by ordinary prudence),[2] this court will consider Morgensen's motion for new trial

---

1. Rule 60 applies only to relief "from a final judgment, order or proceeding." "An order is final only when the court has resolved all disputed matters before it and need take no further action save to execute the judgment." *Laffey v. Northwest Airlines, Inc.,* 642 F.2d 578, 584 (D.C.Cir.1980). *See also Campos v. Puerto Rico Sun Oil Co., Inc.,* 536 F.2d 970, n. 6 (1st Cir.1976). In this case, the motion for new trial was made and denied not only before the judgment was signed but also before any findings of fact and conclusions of law were signed.

2. Rule 60(c)(1) allows for relief when there is "mistake, inadvertence, surprise or excusable neglect." "The test of what is 'excusable' is whether the neglect or inadvertence is such as might be the act of a reasonably prudent man under the same circumstances." *Walker v. Kendig,* 107 Ariz. 510, 512, 489 P.2d 849, 851 (1971). The language in rule 59(a)(3) is quite similar to this test described in *Walker, supra,* since rule 59(a)(3) allows the court to grant a new trial when there is an "[a]ccident or surprise which could not have been prevented by ordinary prudence."

as one based upon either rule 59(a)(3) or rule 59(a)(4) of the Arizona Rules of Civil Procedure.

The grant or denial of the motion for a new trial is within the sound discretion of the trial court and we will not upset its ruling absent a clear showing of abuse of discretion. *Adroit Supply Co. v. Electric Mutual Liability Ins. Co.,* 112 Ariz. 385, 542 P.2d 810 (1975); *Erickson v. Waller,* 116 Ariz. 476, 569 P.2d 1374 (App.1977). In this case, Morgensen claims that the reverse side of the purchase contract is "newly discovered" evidence and that the trial court abused its discretion in not granting a new trial to admit the complete form into evidence.

In order to grant a motion for a new trial on the grounds of newly discovered evidence, it must appear to the trial court that such evidence would probably change the result upon rehearing and that the evidence could not have been discovered before trial by the exercise of due diligence. *Black v. Black,* 114 Ariz. 282, 560 P.2d 800 (1977). In addition, the newly discovered evidence must have been in existence at the time of the trial, but if it was in possession of the party before the judgment was rendered it is not newly discovered and does not entitle him to relief. *Ashton v. Sierrita Mining and Ranching,* 21 Ariz.App. 303, 518 P.2d 1020 (1974) *quoting from* 11 Wright & Miller, Federal Practice and Procedure, § 2859 (1973).

In this case, although the reverse side of the purchase contract was in existence at the time of trial, Morgensen's "newly discovered" evidence does not warrant a new trial for three reasons. First, the reverse side of the purchase contract was in Morgensen's possession before judgment was rendered. Second, the reverse side of the purchase contract could have been discovered before trial by the exercise of due diligence. Third, the admission of the reverse side of the purchase contract into evidence would not have changed the result upon rehearing.

The first reason for denying Morgensen's motion for new trial is that the complete purchase contract was in Morgensen's possession before judgment was rendered. Morgensen stated in its motion for new trial that the original file on the Roberts' car contained the original purchase contract. While the file on the Roberts' car had transferred to the new owner of the Peugeot dealership, Borck, Inc. at the time of trial, the Peugeot dealership was not sold until months after the complaint was filed and interrogatories answered;[3] hence, Morgensen had ample time before trial to review its own records before the dealership was sold. Furthermore, Morgensen in its answers to interrogatories, which were filed before sale of the dealership, stated that it would produce copies of certain records relating to the Roberts' vehicle and that it had based some of its answers on its own records. Because the complete purchase contract was in Morgensen's possession before judgment was rendered it cannot be classified as newly discovered evidence.

The second reason for denying Morgensen's motion for new trial is that the reverse side of the purchase contract is evidence that could have been discovered before trial by the exercise of due diligence. The purchase contract was an exhibit crucial to Morgensen's argument that it had disclaimed all express and implied warranties. Yet, neither Morgensen nor its counsel checked to be sure that they had a complete copy. *Cf. Chambers v. Taber,* 21 Ariz.App. 291, 518 P.2d 1008 (1974) (since date crucial, plaintiff's failure to make a reasonable effort to locate notary was significant).

Morgensen could easily have checked its own files anytime before the dealership was transferred to Borck, Inc., and Morgensen's post-trial review of Borck's files indicates that Morgensen probably could have reviewed Borck's files prior to trial. In addition, original repair invoices were produced at trial also indicating that Morgensen

3. The complaint was filed on April 13, 1979 and the interrogatories were answered and filed on June 19, 1979. The dealership was sold in October, 1979.

could have located the original purchase contract.

Mr. R.C. Morgensen, owner of Morgensen, even stated that the purchase contract was a standard form that his dealership used, further evidence that Morgensen should have been aware of both sides of the document. Perhaps most telling of all is that the face of the purchase contract discloses that there are additional terms and conditions contained on the reverse side. The front side of the purchase contract states, in pertinent part, that "[p]urchaser agrees that this Order includes all of the terms and conditions on both the face and reverse side hereof . . . ." Morgensen failed to use due diligence prior to trial and may not receive a new trial.

The third reason for denying Morgensen's motion for new trial is that even if both sides of the purchase contract had been admitted into evidence, this would not have affected the trial court's ruling that the revocation of acceptance was justified. Morgensen argues that the lack of conspicuousness of the limiting language disclaiming warranties was the basis and justification for the rescission action. Had he been able to produce the back side of the purchase agreement, Morgensen argues, this would have met the conspicuous requirement and the trial court would therefore have found that the revocation was not justified. The facts asserted to prove the conspicuousness of the limiting language are self defeating inasmuch as the material claimed to be conspicuous was on the back page which Morgensen and its attorney only discovered after trial.

We disagree with Morgensen's analysis of the trial court's findings. The trial court found that there were non-conformities in the automobile that substantially impaired its value. The court further found that the Roberts had a right to reasonably assume that the non-conformities would be cured by appellant within a reasonable time, that they were not so cured, and that the limited remedy of repair or replacement of non-conforming parts therefore failed of its essential purpose justify-

ing a resort to other remedies available under the Uniform Commercial Code, A.R.S. § 44–2398(B), including revocation of acceptance, A.R.S. § 44–2371, and demand for the return of the purchase price. A.R.S. § 44–2390(A). *See Ford Motor Co. v. Mayes,* 575 S.W.2d 480 (Ky.App.1978).

While Morgensen, by agreement, could properly limit the Roberts' recovery to repair and replacement of non-conforming parts, this remedy is no longer exclusive where the circumstances cause this exclusive or limited remedy to fail of its essential purpose. *Kalil Bottling Co. v. Burroughs Corp.,* 127 Ariz. 278, 282, 619 P.2d 1055 (App.1980). The court in *Kalil, supra,* quoting from *Beal v. General Motors Corp.,* 354 F.Supp. 423, 426 (D.C.Del.1973) stated that:

> The purpose of an exclusive remedy of replacement or repair of defective parts, whose presence constitute a breach of an express warranty, is to give the seller an opportunity to make the goods conforming while limiting the risks to which he is subject by excluding direct and consequential damages that might otherwise arise. From the point of view of the buyer the purpose of the exclusive remedy is to give him goods that conform to the contract within a reasonable time after a defective part is discovered. When the warrantor fails to correct the defect as promised within a reasonable time he is liable for a breach of that warranty. (Citations omitted) The limited, exclusive remedy fails of its purpose and is thus avoided under Sec. 2719(2), whenever the warrantor fails to correct the defect within a reasonable period.

127 Ariz. at 282, 619 P.2d at 1059.

The trial court's ruling in the instant case that the car was so defective that the limited remedy of repair and replacement failed of its essential purpose is not a new ruling. In *Conte v. Dwan Lincoln-Mercury, Inc.,* 172 Conn. 112, 123, 374 A.2d 144, 149 (1976), the court stated:

> In this case, the limited remedy of the warranty had failed of its essential purpose because even after numerous attempts to repair, the automobile still did

not operate as a new automobile should, free from defects.

Furthermore, when the limited remedy of repair and replacement fails of its essential purpose, the buyer may justifiably revoke his acceptance of the car. In *Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 484 (Ky.App. 1978), the court stated that:

> When the selling dealer fails within a reasonable time to correct a defect which substantially impairs the value of a new motor vehicle, the buyer is entitled to revoke his acceptance of the vehicle.

*Accord, Givan v. Mack Truck, Inc.*, 569 S.W.2d 243 (Mo.App.1978). Because the record reflects sufficient evidence from which a trier of fact could conclude that the car purchased by the Roberts from Morgensen contained substantial non-conformities which were not seasonably cured and that such car was substantially impaired, the trial court properly concluded that Morgensen's remedy of repair and replacement failed of its essential purpose and that the Roberts justifiably revoked their acceptance of the car. Hence, even were we to assume that both sides of the purchase contract make Morgensen's disclaimers conspicuous, this would not alter the fact that the warranty failed of its essential purpose. Because the admission of both sides of the purchase contract into evidence would not have changed the result upon rehearing, the motion for new trial was properly denied.

■ Morgensen further claims that even if a new trial is not granted pursuant to rule 59(a)(4), that a new trial must be granted because of "excusable neglect." As noted earlier, we treat this argument of "excusable neglect" as one made under rule 59(a)(3). We reject Morgensen's argument of "excusable neglect" for the same reasons that we held that the reverse side of the purchase agreement could have been discovered before trial by due diligence. Thus, we affirm the trial court's denial of Morgensen's motion for new trial.

## II. ATTORNEYS' FEES

■ Morgensen, in its motion to set aside judgment, argued that the award of attorneys' fees in this case was procedurally improper because there was no period after the denial of its motion for new trial in which to object to attorneys' fees. Morgensen raises this argument on appeal and asserts that its motion for new trial tolled the time periods regarding objections to attorneys' fees. However, Morgensen cites no authority for this position.

Maricopa County Local Rules of Practice, rule 3.6(e) states that the determination as to the claimed attorneys' fees shall be made after a decision on the merits of the cause and that the time for the filing of affidavits shall be set by the court. In this case, the trial court requested affidavits regarding attorneys' fees after it had granted rescission to the Roberts and received those affidavits shortly thereafter, along with the Roberts' claim for the fees described in the affidavits. Morgensen received a copy of the Roberts' claim, the attached affidavit, the proposed judgment (with a space for attorneys' fees), and a minute entry stating that the proposed judgment had been lodged with the trial court. Yet, Morgensen failed to file a timely response in accordance with rule IV of the Uniform Rules of Practice of the Superior Court of Arizona. In fact, six weeks passed between the filing of the claim for attorneys' fees and the entry of judgment in this case. Hence, the trial court did not abuse its discretion in denying Morgensen's motion to set aside judgment. *See Staffco, Inc. v. Maricopa Trading Co.*, 122 Ariz. 353, 595 P.2d 31 (1979).

■ Morgensen also asserts that the attorneys' fees awarded to the Roberts are excessive. Although Morgensen did not make a timely objection to the attorneys' fees claimed by the Roberts, the trial court's award of $5,000.00 for attorneys' fees in this case was not an abuse of discretion and we affirm the trial court's award made pursuant to A.R.S. § 12–341.01. *See Earven v. Smith*, 127 Ariz. 354, 621 P.2d 41 (App.1980). *See generally Schwartz v. Schwerin*, 85 Ariz. 242, 336 P.2d 144 (1959).

The Roberts have asked that they also be awarded additional attorneys' fees for the appeal. Since A.R.S. § 12–341.01 applies to appeals as well as to trial court actions, we allow the Roberts their reasonable attorneys' fees on appeal. *See Fousel v. Ted Walker Mobile Homes, Inc.,* 124 Ariz. 126, 602 P.2d 507 (App.1979).

For the foregoing reasons, the judgment is affirmed.

GREER and CORCORAN, JJ., concur.