694 P.2d 1213

**Charles WENDLING and Annamarie Wendling, husband and wife, Plaintiffs-Appellants,**

v.

**SOUTHWEST SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, Defendant-Appellee.**

**No. 1 CA–CIV 6431.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 15, 1984.

Robert F. Feland, Phoenix, for plaintiffs-appellants.

Gregory E. Hinkel, Phoenix, for defendant-appellee.

## OPINION

BROOKS, Judge.

■ Appellants have appealed the denial of their motion for new trial following the trial court's granting of appellee's motion for summary judgment. Four issues are presented for review:

1. Whether the trial court erred in denying the Wendlings' motion for new trial based upon newly discovered evidence.

2. Whether this court has jurisdiction to review the merits of the summary judgment since the Wendlings have appealed only from the trial court's order denying their motion for new trial.[1]

3. Whether there existed an agreement between the parties for the procurement of credit life and disability insurance by appellee (Southwest).

4. Whether Southwest owed any duty to appellants (the Wendlings) to disclose that Southwest did not procure credit life and disability insurance for borrowers.

## FACTS

The material facts are not in dispute. The Wendlings, residents of New York, sought a mortgage loan on Arizona property from Southwest. During the course of the transaction, the Wendlings received a document from Southwest entitled "Notice to Customer Required by Federal Law— Federal Reserve Regulation Z." The form contained the following paragraph relating to credit life and disability insurance:

CREDIT LIFE AND DISABILITY INSURANCE is not required to obtain this loan. No charge is made for credit insurance and no credit insurance is provided unless the borrower signs the appropriate statement below:

(a) The cost for Credit Life Insurance alone will be $_____ for the term of the credit.

(b) The cost for Credit Life and Disability Insurance will be $_____ for the term of the credit.

| I desire Credit Life and Disability Insurance. | I desire Credit Life Insurance Only. | I DO NOT want Credit Life or Disability Insurance |
|---|---|---|
| ____ _____ | ____ _____ | ____ _____ |
| Date Signature | Date Signature | Date Signature |

The "cost blanks" did not contain a figure. The Wendlings both signed under the statement "I desire Credit Life and Disability Insurance" but put question marks in the blanks regarding cost, and wrote to the left thereof "please advise", with an arrow pointing to the right.

Thereafter, the Wendlings received from Southwest an annual notice breaking down the various monthly charges included within the mortgage payment. The space entitled "mortgage insurance" showed $9.02. Separate spaces in the notice for "life insurance" and "accident and health" were blank.

As it turned out, Southwest had ceased its practice of procuring credit life and disability insurance for borrowers prior to its loan transaction with the Wendlings. Southwest did not procure such insurance for the Wendlings, nor did the Wendlings make any attempt to procure such coverage elsewhere. On or about June 26, 1978, the Wendlings were in a car accident in New York which resulted in disabling personal injuries and major expenses for medical care. When the Wendlings inquired of Southwest concerning proceeds from credit disability insurance, they learned that no such insurance was in existence.

---

1. This issue was not raised until oral argument. However, we have a duty to inquire into our own jurisdiction. *Soltes v. Jarzynka,* 127 Ariz. 427, 621 P.2d 933 (App.1980). This duty exists even if the parties do not raise the issue. *Musa v. Adrian,* 130 Ariz. 311, 636 P.2d 89 (1981).

## PROCEDURAL HISTORY

Because of the importance of the procedural history to the disposition of this appeal, we set it out in detail.

The Wendlings filed an action against Southwest seeking damages for breach of contract, negligence and fraud by reason of Southwest's failure to procure credit life and disability insurance on their behalf. Southwest moved for summary judgment on all counts. By minute entry, the trial court granted summary judgment on all claims except the claim of "negligence" as a Truth-In-Lending violation under 12 C.F.R. § 226.1(a)(2). Southwest thereafter filed a motion to dismiss the one remaining claim. The trial court granted the motion to dismiss and entered a formal written judgment which included disposition of both the summary judgment and the motion to dismiss. The Wendlings then filed a "Motion to Vacate Judgments" based *solely* on the grounds of newly discovered evidence, citing Rules 59(a) and 60(c), Arizona Rules of Civil Procedure (ARCP).[2] No error was specifically alleged with respect to the underlying judgment. The trial court denied the motion for new trial and this appeal followed.

The Notice of Appeal filed in this matter is "from the Order Denying Motion for New Trial and Motion to Vacate Judgment." It is therefore limited and does not purport to be from the final judgment. *Arizona Management Corporation v. Kallof*, 142 Ariz. 64, 688 P.2d 710 (1984); *see also*, comment, Rule 8(c), Arizona Rules of Civil Appellate Procedure (ARCAP).

## APPELLATE JURISDICTION

Pursuant to A.R.S. § 12–2101(F)(1) we have jurisdiction to consider the appeal from the order denying the motion for new trial. The first issue which we must address is whether our jurisdiction is limited to a review of the trial court's order denying the Wendlings' motion for a new trial. More precisely, the issue is whether this court has jurisdiction to review the merits of an underlying judgment when the appeal is taken only from an order denying a motion for new trial based *solely* on newly discovered evidence.

A civil appeal is a statutory privilege rather than a right and strict compliance with statutory and rule requirements is mandatory. *Gabriel v. Murphy*, 4 Ariz. App. 440, 421 P.2d 336 (1966). As a jurisdictional prerequisite, ARCAP 8(c) provides:

> The notice of appeal shall specify the party or parties taking the appeal, shall designate the judgment or part thereof appealed from, and shall name the court to which the appeal is taken.

This court lacks jurisdiction to review matters not contained in the Notice of Appeal. *Lee v. Lee*, 133 Ariz. 118, 649 P.2d 997 (App.1982); *see generally* 5 C.J.S., Appeal & Error, § 1496 at 826–27.

A decision of this court which dealt with a similar, but distinguishable, situation is *Matcha v. Winn*, 131 Ariz. 115, 638 P.2d 1361 (App.1981). In a quiet title action, the Winns noticed their appeal from the trial court's denial of their motion for new trial rather than from the judgment itself. The motion for new trial, however, specifically referred to Rule 59, ARCP, and alleged that the trial court's judgment was in violation of their homestead exemption and constituted an unconstitutional taking of property. The motion, in effect, was based on Rule 59(a)(8) which provides for a new trial if the verdict, decision, findings of fact or judgment is not justified by the evidence or is contrary to law. Because the motion for new trial specifically assigned as error the propriety of the trial court's findings and conclusions in granting summary judgment, we addressed the merits of the arguments presented.

---

**2.** Both rules provide for relief from a judgment based upon newly discovered evidence. The trial court properly determined that the appropriate rule in the case was ARCP 59(a)(4) since the motion was timely filed as a motion for new trial pursuant to ARCP 59(d). *See also* ARCP 60(c)(2). Further, a motion for new trial may be directed against a summary judgment. *Maganas v. Northroup*, 112 Ariz. 46, 537 P.2d 595 (1975).

*Matcha* is distinguishable from the case at bench. The motion for new trial in this case is based solely on Rule 59(a)(4) which does not necessarily require a review of the judgment itself. If the proffered evidence is not newly discovered material evidence "which with reasonable diligence could not have been discovered and produced at trial," then the merits of the underlying judgment need not be reviewed. Rule 59(a)(8), as in *Matcha*, requires a review of the judgment and the evidence introduced in support thereof. More importantly, in *Matcha*, the findings upon which the court based its summary judgment were specifically assigned as error in the motion for new trial. To the contrary, the motion in the instant case failed to assign any error relating to the underlying judgment. The trial court determined that the proffered evidence was not "newly discovered" under Rule 59(a)(4). This finding by the trial court is all that the Wendlings have properly requested that we review.

■ We find that the Wendlings have limited our jurisdiction by failing to appeal from the judgment and hold that our jurisdiction in this matter is limited to a review of the trial court's order denying the motion for new trial. We therefore do not address the issues raised by the Wendlings pertaining to the merits of the summary judgment.

### THE MOTION FOR NEW TRIAL

The "newly discovered evidence" referred to in the Wendlings' motion for new trial consisted of a letter from an insurance agency dated September 8, 1977. The letter recommended a certain mortgage life insurance policy to the Wendlings and enclosed a descriptive brochure for the particular coverage. From the date of its receipt, the letter had been among the papers in the possession of the Wendlings but had not been "discovered" by them until after the entry of the trial court's final judgment. The letter also stimulated Mrs. Wendling's recollections concerning other actions she had taken as well as a conversation which she had with an unidentified employee of Southwest regarding insurance.

■ The grant or denial of a motion for a new trial is within the sound discretion of the trial court and we will not upset its ruling absent a clear showing of an abuse of discretion. *Erickson v. Waller*, 116 Ariz. 476, 569 P.2d 1374 (App.1977). In order for the trial court to grant a motion for a new trial on the grounds of newly discovered evidence, it must appear that the evidence could not have been discovered before trial by the exercise of due diligence and that the evidence would probably change the result upon retrial. *Black v. Black*, 114 Ariz. 282, 560 P.2d 800 (1977). In addition, the newly discovered evidence must have been in existence at the time of the trial. If it was in the possession of the party before the judgment was rendered, however, it is not newly discovered for the purposes of the rule and does not entitle the party to relief. *Roberts v. Morgensen Motors*, 135 Ariz. 162, 659 P.2d 1307 (App. 1982). In *Roberts*, the appellant moved for a new trial based on newly discovered evidence where, after trial, he discovered material on the reverse side of a purchase contract in his possession prior to and during trial. The court found:

In this case, although the reverse side of the purchase contract was in existence at the time of trial, Morgensen's "newly discovered" evidence does not warrant a new trial for three reasons. First, the reverse side of the purchase contract was in Morgensen's possession before judgment was rendered. Second, the reverse side of the purchase contract could have been discovered before trial by the exercise of due diligence. Third, the admission of the reverse side of the purchase contract into evidence would not have changed the result upon rehearing.

135 Ariz. at 165, 659 P.2d 1307. *See also* 11 Wright & Miller, Federal Practice and Procedure, § 2859 (1973).

■ The evidence here, consisting of the letter and later recollections of Mrs. Wendling refreshed thereby, was admittedly in the possession of the Wendlings at all rele-

vant times. Under these circumstances, we cannot find that the trial court abused its discretion in refusing to grant the motion for new trial.

For the foregoing reasons the trial court's order denying the motion for new trial is affirmed.

HAIRE, P.J., and GRANT, J., concur.