NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

DONNA TIMOFEY GHOSOPH, *Petitioner/Appellee,*

*v.*

ROBERT KOTTMANN, *Respondent/Appellant.*

No. 1 CA-CV 14-0356 FC

FILED 6-2-2015

Appeal from the Superior Court in Maricopa County
No.  FC2011-006782
The Honorable James T. Blomo, Judge

**AFFIRMED**

COUNSEL

Lorona Mead, PLC, Phoenix
By Jess A. Lorona
*Counsel for Petitioner/Appellee*

Davis Faas Blase, PLLC, Scottsdale
By Greg R. Davis, Cheryl M. Faas
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1            Robert Kottman (Husband) appeals from the trial court's order denying his motion for new trial/motion to vacate a judgment denying his motion to enforce a property settlement agreement ("PSA") entered into with Donna Timofey Ghosoph (Wife).  For the reasons stated below, we affirm the order denying relief.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2            In December 2012, in the course of their dissolution proceedings, the parties entered into the PSA, agreeing Wife would be awarded the marital residence.  The PSA provided that: "If Wife is late on a payment or misses a payment by more than 30 days, Husband at his option may take over payments and assume ownership of the property as his sole and separate property."

¶3            In June 2013, Husband filed a motion to enforce the PSA, alleging Wife failed to make the February and May 2013 mortgage payments within thirty days of their due date.  Husband alleged he paid both mortgage payments, and, pursuant to the PSA, sought to assume ownership of the marital home.  Wife disputed Husband's allegations and argued equitable principles prevented strict adherence to the PSA.  After an evidentiary hearing in October 2013, the trial court concluded Husband failed to meet his burden and denied his motion to enforce the PSA.

¶4            Husband filed a motion for new trial/motion to vacate the judgment on the basis that newly discovered evidence indicated Wife offered fraudulent evidence at the evidentiary hearing.  *See* Ariz. R. Fam. L.P. 83(A)(4) and 85(C)(1)(b).  Husband's new evidence was a letter from the mortgage company suggesting a fax submitted by Wife, stating the May 2013 payment was not late, was fraudulent.  In response, Wife argued the

---

[1]      We view the facts in the light most favorable to upholding the trial court's ruling. *In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3 (App. 1998).

evidence was not newly discovered. She attached evidence that Husband indicated, prior to the evidentiary hearing, he would call an employee from the mortgage company to testify regarding the authenticity of the faxed letter. Wife asserted that, because Husband did not call this witness, voice his concern that the document was falsified, or otherwise object to admission of the fax, he had waived any ability to argue its legitimacy as a grounds for new trial.

¶5        The trial court denied Husband's motion for new trial/motion to vacate without comment, and Husband filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), -2101(A)(2) and -(A)(5)(a).[2] *See M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.,* 164 Ariz. 139, 141 (App. 1990) (holding an order denying a motion to set aside a judgment is appealable as a "special order made after final judgment") (citations omitted).

## DISCUSSION

### I.   Motion for New Trial

¶6        We review the denial of a motion for new trial for an abuse of discretion.[3] *Boatman v. Samaritan Health Servs., Inc.*, 168 Ariz. 207, 212 (App. 1990). A motion for new trial based upon newly discovered evidence should be granted:

> only if it appears that (1) the newly discovered evidence could not have been discovered before the granting of judgment despite the exercise of due diligence, (2) the evidence would probably change the result of the litigation, and (3) the newly discovered evidence was in existence at the time of the judgment.

---

[2]       Absent material changes from the relevant date, we cite a statute's current version.

[3]       Husband also argues within his opening brief that the trial court erred in failing to enforce the PSA. Husband did not reference the underlying order denying his motion to enforce in his notice of appeal; therefore, this appeal "does not extend to a review of whether the trial court was substantively correct in entering the judgment from which relief was sought." *Hirsch v. Nat'l Van Lines,* 136 Ariz. 304, 311 (1983) (citations omitted).

*Id.* (citing *Wendling v. Sw. Sav. & Loan Ass'n*, 143 Ariz. 599, 602 (App. 1984)).

¶7         The newly discovered evidence asserted in support of Husband's motion for new trial was a letter from the mortgage company stating that it did not send a fax regarding the timeliness of Wife's mortgage payments to her.  Although the letter Husband attached to his motion was dated after the evidentiary hearing, Husband was clearly aware of the alleged fraudulent nature of the fax prior to the hearing.  Indeed, Husband advised Wife prior to the hearing that he intended to call "Pam" from the mortgage company for the express purpose of testifying there was no record of the fax.  Husband also advised the trial court of this intent at the hearing.

¶8         Although Husband did not call "Pam" as a witness or otherwise examine Wife on the issue, on the day of the evidentiary hearing, Husband had already questioned the veracity of Wife's fax, apparently possessed information from the mortgage company that it had not generated the fax, and had arranged for an employee of the mortgage company to testify in support of his position.  Husband has failed to establish his evidence is "newly discovered" that could not, with due diligence, have been presented at the evidentiary hearing.  *Id.* (concluding party failed to establish newly discovered evidence where "both witnesses furnishing the allegedly newly discovered evidence was known" prior to entry of judgment) (citing *Ashton v. Sierrita Mining & Ranching*, 21 Ariz. App. 303, 305 (1974), and 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2859 (1973)); *see also Wendling*, 143 Ariz. at 602 ("If [newly discovered evidence] was in the possession of the party before the judgment was rendered, . . . it is not newly discovered . . . and does not entitle the party to relief.") (citing *Roberts v. Morgensen Motors*, 135 Ariz. 162, 166 (App. 1982)).  Therefore, the trial court did not abuse its discretion in denying Husband's motion for new trial.

## II.  Motion to Vacate Judgment

¶9         Husband next argues Wife committed misconduct justifying relief from the judgment under Arizona Rule of Family Law Procedure 85(C)(1)(c),[4] because she did not disclose the fax until the afternoon before

---

[4]         Husband argues for the first time on appeal that Wife's alleged misconduct also provided grounds for relief under Arizona Rule of Family Law Procedure 83(A)(2).  While we do not address issues raised for the first time on appeal, *Medlin v. Medlin*, 194 Ariz. 306, 308, ¶ 6 (App. 1999) ("An

trial in an attempt, according to Husband, to conceal the fraudulent nature of the fax. We review the denial of a motion to vacate a judgment under Rule 85(C) for an abuse of discretion. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012).

**¶10**　　　　Here, Husband's attorney sent an email to Wife's attorney prior to the evidentiary hearing indicating Husband was not only aware of the fact that the mortgage company asserted it had no record of sending the fax to Wife, but also had prepared for and intended to offer testimony to that effect at the hearing. However, Husband did not raise either the untimely disclosure or the alleged fraud at the hearing. Because Husband failed to raise these issues with the trial court, they are waived,[5] and the trial court did not abuse its discretion in denying Husband's motion to vacate the judgment. *See Ritchie*, 221 Ariz. at 303, ¶ 51 ("Generally, counsel's failure to object to the argument at trial waives the issue on appeal.") (citing *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 451 (1982), and *Monaco v. HealthPartners of S. Ariz.*, 196 Ariz. 299, 304-05 n.2, ¶¶ 16, 18 (App. 1999)).

### CONCLUSION

**¶11**　　　　We affirm the order denying Husband's motion for new trial/motion to vacate the judgment.

**¶12**　　　　Wife requests her attorneys' fees on appeal pursuant to A.R.S. §§ 12-341.01 and -349. Husband also argues he is entitled to an award of fees, but fails to cite any authority to support his claim. In our discretion,

---

issue raised for the first time after trial is deemed to have been waived.") (citing *Conant v. Whitney*, 190 Ariz. 290, 293 (App. 1997)), Husband is not precluded from seeking review of the grounds for relief under Rule 85(C)(1)(c).

[5]　　　We acknowledge "[w]aiver does not apply when it appears 'that the improper conduct . . . actually influenced the verdict.'" *Ritchie v. Krasner*, 221 Ariz. 288, 303, ¶ 51 (App. 2009) (quoting *Anderson Aviation Sales Co., Inc. v. Perez*, 19 Ariz. App. 422, 429 (1973)). However, we defer to the trial court's conclusion, implicit in its denial of Husband's motion for new trial/motion to vacate the judgment, that the alleged misconduct did not influence the judgment. *Id.* at ¶¶ 51-52 (noting trial judge is in the best position to determine whether the misconduct materially influenced the decision) (citing *Leavy v. Parsell*, 188 Ariz. 69, 72 (1997), and *Anderson Aviation*, 19 Ariz. App. at 429).

we decline both requests.  Wife, as the prevailing party, is entitled to recover her costs on appeal upon compliance with ARCAP 21(b).



Ruth A. Willingham · Clerk of the Court
F I L E D : ama