NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CAMRY WATSON, *Petitioner/Appellee,*

*v.*

ALLEN C. FORD, *Respondent/Appellant.*

No. 1 CA-CV 21-0193 FC
FILED 4-26-2022

Appeal from the Superior Court in Maricopa County
No. FC2021-000450
The Honorable Utiki Spurling Laing, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Camry Watson, Protected Address
*Petitioner/Appellee*

Connelly Law Office, PLLC, Mesa
By Lawton Connelly
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

**S W A N N**, Judge:

¶1          Allen C. Ford ("Father") appeals an order of protection in favor of Camry Watson ("Mother") and their minor child, and the superior court's denial of his motion to alter or amend.[1]  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2          Mother and Father have one daughter, born in 2014.  In June 2019, the superior court entered legal decision-making and parenting time orders for the child.  In January 2021, during a pending petition to modify the court's legal decision-making and parenting time orders, Father secured an ex parte order of protection against Mother for alleged acts of domestic violence.[2]  The Department of Child Safety ("DCS") investigated and interviewed the child, who said Father hit her for jumping on the bed, leaving a bruise on her leg.  DCS and the Phoenix Police Department then investigated the child abuse allegations against Father, and Mother petitioned for an order of protection.  The court issued an ex parte order of protection the same day.

¶3          At Father's request, the court held a hearing on Mother's order of protection against Father.  The court found that Father committed domestic violence against the child in the past year and affirmed the order

---

[1]      An order of protection expires one year after service on the defendant.  A.R.S. § 13-3602(N).  Accordingly, the order of protection served on Father in January 2021 has expired.  However, because an order of protection carries with it "significant collateral legal and reputational consequences" that last beyond the expiration date, the expiration of the court's order does not render Father's appeal moot.  *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 14 (App. 2012).

[2]      The superior court affirmed the order of protection against Mother after a hearing.  That order of protection is not at issue in this appeal.

of protection. Father timely filed a motion to alter or amend the judgment based on newly discovered evidence. Father asserted that after the hearing, DCS concluded its investigation and found that the child's allegations of abuse were unsubstantiated. He argued that this was evidence he could not have discovered before the hearing. The court denied Father's motion.

**¶4**        Father appeals.[3]

## DISCUSSION

I.        THE COURT DID NOT ABUSE ITS DISCRETION OR COMMIT LEGAL ERROR BY AFFIRMING THE ORDER OF PROTECTION.

**¶5**        Father argues the court abused its discretion by affirming the order of protection because there was no credible testimony that Father abused the child. We review the court's decision to affirm an order of protection for an abuse of discretion. *See Cardoso*, 230 Ariz. at 619, ¶ 16. We defer to the court's credibility determinations and will affirm if the record contains competent evidence to support the court's decision. *Id.* at ¶ 17; *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014). Father also argues that the court erred by failing to make express findings pursuant to Arizona Rule of Protective Order Procedure ("Rule") 35(b). We review questions of law de novo. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014).

**¶6**        To include a defendant's child within the scope of an order of protection, the court must have reasonable cause to believe the alleged acts of domestic violence involve the child or the child has been, or may be, physically harmed. Ariz. R. Protective Order P. 5(b)(1), 23(e)(2); A.R.S. § 13-3602(E). Domestic violence is broadly defined to include child abuse. A.R.S. §§ 13-3601(A), -3623.

**¶7**        The record supports the court's decision to affirm the order of protection. At the hearing, Mother presented evidence that the parties have a court order that prevents them from inflicting corporal punishment on the child. She testified about the size and location of the bruise on the child. Mother called the DCS investigator as a witness. The investigator testified that the child twice disclosed Father's abuse.

---

[3]        Mother did not file an answering brief. We could regard her failure to do so as a confession of reversible error. We are not required to do so, however, and in the exercise of our discretion, we address the substance of Father's appeal. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

¶8 Father testified that he did not hit the child and no longer used corporal punishment on the child, although he still used it on his other children. He insisted Mother coached the child to allege child abuse against Father in retaliation for Father's earlier order of protection against Mother. Father called his wife, the child's stepmother, as a witness. Despite Father's admission to the use of corporal punishment, she testified that they never use corporal punishment on any of the children.

¶9 Although concerned about the timing of Mother's petition, the court found the DCS investigator credible. The court also questioned Father's credibility because he first told the court that he does not hit the child anymore but immediately corrected himself and said that he does not hit the child at all. Accordingly, the court found that Father committed domestic violence against the child in the past year and affirmed the order of protection.

¶10 Although contrary evidence could have supported a different outcome, substantial evidence supports the court's decision to affirm the order of protection, and we defer to its credibility determinations. To the extent that Father argues the DCS investigator's testimony is not credible because DCS later found the child's allegations of abuse were unsubstantiated, that argument also fails. The superior court assesses witness credibility at the time of the hearing.

¶11 The court also did not commit legal error by affirming the order of protection. Before issuing an order of protection prohibiting a defendant from contacting his or her child, the court must consider whether the child may be harmed if the defendant is permitted to maintain contact with the child and whether the child may be endangered if there is contact outside the presence of the plaintiff. Ariz. R. Protective Order P. 35(b).

¶12 Father argues the superior court erred by failing to make findings pursuant to Rule 35(b). But Rule 35(b) requires the court to consider the enumerated factors; it does not require the court to make express findings.

¶13 The record reflects that the court considered the Rule 35(b) factors before affirming the order of protection. The court found the DCS investigator credible when she testified about the child disclosing the abuse to DCS. The court did not find Father credible because he offered conflicting statements about using corporal punishment on the child. The alleged abuse occurred outside of Mother's presence during Father's parenting time. And the court found that Father committed domestic

violence against the child. The court was concerned that Father would harm the child again during his parenting time, and therefore affirmed the order of protection.

## II. THE COURT DID NOT ABUSE ITS DISCRETION IN DENYING FATHER'S MOTION TO ALTER OR AMEND THE JUDGMENT .

**¶14** Father argues the court abused its discretion in denying his motion to alter or amend because DCS's finding that the child's allegations of abuse were unsubstantiated is newly discovered evidence that could not have been discovered at the time of the hearing. We review the court's denial of a motion to alter or amend for an abuse of discretion. *Wendling v. Sw. Savs. & Loan Ass'n*, 143 Ariz. 599, 602 (App. 1984).

**¶15** The Arizona Rules of Family Law Procedure ("ARFLP") "apply to protective order matters heard in conjunction with pending family law cases," so long as the rules do not conflict. Ariz. R. Protective Order P. 2. Under ARFLP 83(a)(1)(E), a court may grant a motion to alter or amend the judgment based on "newly discovered material evidence that could not have been discovered and produced at the trial with reasonable diligence." The newly discovered evidence must have been in existence at the time of the hearing. *See Wendling*, 143 Ariz. at 602.

**¶16** The court did not abuse its discretion in denying Father's motion. DCS's conclusion that the child's allegations of abuse were unsubstantiated is not evidence. At the hearing, the court knew that DCS and the police had ongoing investigations. Further, DCS's conclusion that the child's allegations of abuse were unsubstantiated does not mean that the alleged abuse never occurred nor that the order of protection was no longer necessary. Given the evidence presented, the court had valid concerns regarding the safety of the child, particularly in light of DCS's statement in its closing report that there were no current safety concerns for the child *because* of the order of protection against Father.

## CONCLUSION

**¶17** For the foregoing reasons, we affirm.

