NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LAWRENCE LAZZARA, *Petitioner/Appellee,*

*v.*

JOY PARKER, *Respondent/Appellant.*

No. 1 CA-CV 24-0159 FC

FILED 10-31-2024

Appeal from the Superior Court in Maricopa County
No. FC2017-005506
The Honorable Melissa Zabor, Judge

**AFFIRMED**

COUNSEL

Reardon House Colton PLC, Scottsdale
By Kristi A. Reardon, Taylor S. House
*Co-Counsel for Petitioner/Appellee*

Law Office of Carissa K. Seidl PLLC, Phoenix
By Carissa Seidl
*Co-Counsel for Petitioner/Appellee*

Cervone Law P.C., Phoenix
By Kristina L. Cervone
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

---

**P E R K I N S,** Judge:

**¶1**         Joy Parker ("Mother") appeals from the superior court's order that granted Lawrence Lazzara ("Father") increased parenting time and sole legal decision-making. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Father and Mother married in 2006 and have two sons together. The older son, Calvin (a pseudonym), attends several therapies each week to help with his severe autism. The younger, Noah (also a pseudonym) attends psychotherapy sessions. In 2017, Father filed for divorce. The 2017 dissolution decree awarded joint legal decision-making and granted Mother slightly more weekly parenting time.

**¶3**         The parties operated under this agreement for roughly four years. During this time, Father remarried and bought a large house with ample space for Calvin's therapies. Father asked Mother if Calvin could do his therapies at the new house and asked for equal parenting time. Mother refused, telling Father to "[g]o ahead and serve me with papers." Father petitioned in October 2021 for equal parenting time. In his pretrial statement, he asked for sole legal decision-making or, in the alternative, final say. Mother asked the court to affirm joint legal decision-making and the original parenting time decree.

**¶4**         Before a February 2022 temporary orders hearing, the parties partially agreed to co-parenting terms. During that hearing, the court found a substantial change in circumstances because Mother stopped following the parenting schedule the two parties had followed for years.

**¶5**         During litigation over Father's petition, Mother misrepresented things to the court, refused to submit evidence, and even destroyed evidence. She made derogatory statements against Father while attempting to persuade his family to support her agenda. While still caring for the children under joint legal decision-making, Mother unilaterally

terminated Noah's psychotherapy appointments, attempted to circumvent Father's wishes when enrolling Noah with a new therapist, regularly showed up late to exchange the children with Father, and falsely reported to mandatory reporters that Father abused and neglected the children.

¶6 In May 2023, the superior court awarded Father sole legal decision-making authority (the "May Order") because the record showed Mother acted not for the best interests of the children but "to inflict the greatest possible damage on Father." Mother also "violate[d] the Court's order regarding joint legal decision-making." The court noted Father made 92% of the combined annual income but found Mother so unreasonable during litigation it awarded Father a portion of his attorney fees.

¶7 Thereafter, Father had Calvin's genitals shaved to help with hygiene. Mother accused Father of sexually assaulting their autistic son through the shaving incident and moved to alter or amend the May Order, relying on that incident as "newly discovered material evidence." Mother thought this incident "illuminate[d] the past" and wanted the court "to simply have . . . a new trial" because a different judge now presided over the case. The court denied her motion.

¶8 The court certified its order as a final judgment pursuant to Arizona Rule of Family Law Procedure 78(c). Mother timely appealed and we have jurisdiction. A.R.S. §§ 12-120.21(A)(1), 12-2101(A)(1).

## DISCUSSION

¶9 On appeal, Mother challenges the May Order, the denial of her motion to alter or amend, and the court's award of attorney fees to Father.

### I. May Order

¶10 "[A] court may modify a parenting plan only if it first finds a material change of the circumstances affecting the child's welfare since the last court order." *Backstrand v. Backstrand*, 250 Ariz. 339, 341, ¶ 1 (App. 2020). If the court finds a change, it then "determine[s] whether a change in the parenting plan will be in the child[ren]'s best interests" by applying the relevant factors in A.R.S. § 25-403(A). *Id.* The court has "broad discretion to decide whether a change of circumstances has occurred." *Id.* at 343, ¶ 14. We will affirm the court's legal decision-making order absent an abuse of discretion. *Id.* The court abuses its discretion when it commits an error of law in reaching a discretionary decision or when the record does not

support the court's decision. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019).

¶11 Mother challenges the May Order for two reasons: (1) the court did not make a proper change in circumstances finding, and (2) the court did not consider and make sufficient findings on the required best interests factors. She generally contends the evidence supports neither a change in circumstances nor a finding that awarding Father sole legal decision-making was in the children's best interests.

A. Change in Circumstances

¶12 Mother argues the court never made a proper change in circumstances finding. During the temporary orders hearing in early 2022, the court found "there ha[d] been a material change [in circumstances]" because the parties failed to co-parent as they had before. The court based its final decision on these changed circumstances, explicitly found during the temporary orders hearing. In its May Order the court reiterated in detail the facts supporting its earlier change in circumstances finding.

¶13 In addition to challenging the sufficiency of the court's change in circumstances finding, Mother challenges its evidentiary basis. The record supports the court's finding of "a change of circumstances materially affecting the welfare of the [children]." *Backstrand*, 250 Ariz. at 343, ¶ 14 (quoting *Black v. Black*, 114 Ariz. 282, 283 (1977)). Mother ignored Father's input on the children's medical decisions and subsequently attempted to exclude him from making decisions about the children's mental and physical care. The co-parenting that the previous orders relied on no longer existed. The court did not err in finding a change in circumstances to warrant the modifications it ordered.

B. Sufficient Findings

¶14 Mother next argues the superior court failed to consider and make sufficient findings on the required best interests factors. "In a contested legal decision-making . . . case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). When making a change to the level of decision-making, the court must consider four additional, mandatory factors: (1) the agreement of the parents regarding joint legal decision-making, (2) whether the parents' lack of agreement comes from something other than the children's best interests, (3) the abilities of the parents to cooperate in decision-making, and (4) the logistics of joint legal decision-making. A.R.S. § 24-403.01(B).

**¶15** Mother insists this case is similar to *Owen v. Blackhawk*, in which we rejected as insufficient the superior court's "list[ing] some statutory factors by number" without analysis. *Owen v. Blackhawk*, 206 Ariz. 418, 421, ¶ 12 (App. 2003). But the court here provided ample analysis, albeit without specific statutory citations for each factor considered. The court's detailed minute entry contemplated the children's best interests, considering the relevant factors listed in Section 25-403(A). The court also addressed the factors Section 25-403.01 mandates. We decline Mother's invitation to elevate form over substance when, as here, the court explicitly addressed the substance of the required factors.

**¶16** Next, Mother contends the court improperly weighed the evidence because it failed to consider Father's admission that he and Mother agreed on parenting matters 90 percent of the time. We do not reweigh evidence. *See Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 52, ¶ 11 (App. 2009). And we will not substitute our judgment for the superior court's in how to weigh the evidence. The court did not abuse its discretion when weighing the statutory factors.

## II. Rule 83 Motion

**¶17** Mother argues the court erred in denying her motion to alter or amend under Arizona Rule of Family Law Procedure 83(a)(1)(E) because the shaving incident was newly discovered evidence the court needed to consider. We review a court's ruling on a motion to alter or amend for an abuse of discretion. *Wisniewski v. Dolecka*, 251 Ariz. 240, 241, ¶ 5 (App. 2021). Under Rule 83, "[t]he court may . . . alter or amend all or some of its rulings" if "newly discovered material evidence that could not have been discovered and produced at the trial with reasonable diligence" would "materially affect[] a party's rights." Ariz. R. Fam. Law P. 83(a)(1)(E). This "newly discovered evidence must have been in existence at the time of the trial." *Wendling v. Sw. Sav. & Loan Ass'n*, 143 Ariz. 599, 602 (App. 1984) (analyzing Arizona Rule of Civil Procedure 59); *see also Watson v. Ford*, 1 CA-CV 21-0193 FC, 2022 WL 1223811, at *3, ¶ 15 (Ariz. App. Apr. 26, 2022) (mem. decision) (applying *Wendling* to Rule 83 motions). Because the shaving occurred after trial, it could not be evidence that existed at the time of trial and did not provide a proper basis for a Rule 83 motion. The superior court properly denied Mother's motion.

## III. Attorney Fees

**¶18** After it considered that Father made significantly more than Mother and Mother's unreasonable acts during litigation, the court

awarded Father a portion of his attorney fees. Mother argues the court abused its discretion because Father made more money than she did, and he took unreasonable positions during litigation.

¶19 The court may award attorney fees after considering (1) the parties' financial resources and (2) the reasonableness of their positions throughout litigation. A.R.S. § 25-324(A). We review an award of attorney fees for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014). "Balancing and evaluating factors pertinent to an award of attorney[] fees is within the superior court's discretion, and this court will not substitute its discretion for that of the superior court." *Ferrill v. Ferrill*, 253 Ariz. 393, 399, ¶ 25 (App. 2022). We decline Mother's request for us to reweigh the statutory factors and substitute our judgment for that of the superior court in its fee award.

¶20 Both parties now request attorney fees under A.R.S. § 25-324. In our discretion, and after considering the parties' financial resources and positions taken on appeal, we award Father a portion of his reasonable attorney fees on appeal. Father is entitled to costs upon compliance with ARCAP 21.

## CONCLUSION

¶21 We affirm.

