NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JASON REYNOLDS, individually and as parent and guardian of GAVIN
REYNOLDS, a minor; CHAD SUTHERLAND, individually; BRIANA
SUTHERLAND, individually and as parent and guardian of HARPER
SUTHERLAND, a minor, *Plaintiffs/Appellants*,

*v.*

MIGUEL JUAREZ MARTINEZ; TORRES FARMS, LLC,
*Defendants/Appellees*.

No. 1 CA-CV 25-0060

FILED 11-25-2025

Appeal from the Superior Court in La Paz County
No. S1500CV202100088
The Honorable Marcus A. Kelley, Judge

**AFFIRMED**

COUNSEL

Burk Injury Lawyers, Las Vegas, NV
By Christopher D. Burk
*Counsel for Plaintiffs/Appellants*

Lewis Brisbois Bisgaard & Smith LLP, Phoenix, AZ
By Matthew D. Kleifield, Carl J. Mudd
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge David D. Weinzweig and Judge Cynthia J. Bailey joined.

---

**P E R K I N S**, Judge:

**¶1**	The plaintiffs appeal from a jury verdict finding the defendants not liable for negligence for their role in an automobile accident. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**	On October 16, 2019, Jason Reynolds was driving an SUV with four other passengers on a one-lane rural road in La Paz County. Reynolds crossed the double yellow line into the left lane to pass a tractor driving in front of him. Instead, the SUV collided with the left rear tire of the tractor, causing the SUV to roll over, injuring its passengers. A nearby surveillance camera recorded the accident.

**¶3**	Police arrived on the scene and began interviewing witnesses. One officer, Officer Lee, interviewed the tractor driver and the owner of the farm that owned the tractor. Officer Lee then discussed those interviews with other officers.

**¶4**	All five of the SUV's passengers sued the tractor driver and the farm that owned the tractor, alleging that the tractor driver had negligently pulled in front of the SUV, and that the farm was vicariously liable for the tractor driver's negligence, and directly liable for improperly training the driver and negligently entrusting him with the tractor. After trial, the jury found the defendants not liable. The plaintiffs appealed, challenging three evidentiary rulings made by the trial court.

**¶5**	First, during trial, the plaintiffs sought to introduce bodycam recordings of (1) Officer Lee interviewing the tractor driver and the farm owner, and (2) Officer Lee discussing those interviews with other officers. Defense counsel objected on hearsay grounds. The court ruled that only the tractor driver's and farm owner's statements were admissible, everything else had to be edited out of the recordings.

**¶6**     Second, the court ruled before trial that Officer Lee could only testify as a lay witness. During trial, the defendants objected to the following questions the plaintiffs' counsel asked Officer Lee:

> [A]fter viewing the [surveillance footage] were you able to determine whether or not the statements the defendants told you about the crash were consistent or inconsistent with what you saw?

> [Y]ou would agree with me that the tractor blocked the SUV; correct?

The court sustained the objections on grounds that the questions called for an impermissible opinion from a lay witness.

**¶7**     Third, the court ruled before trial that no evidence of the plaintiffs' future medical care could come in. But during trial, the court permitted defense counsel to cross-examine the plaintiffs' medical expert about future medical care over the plaintiffs' objection. The court later determined that the line of questioning violated its pretrial order precluding such evidence. The court then precluded any redirect on that topic or any mention of it during closing arguments.

**¶8**     We have jurisdiction over the plaintiffs' timely appeal. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶9**     The plaintiffs argue the court erred by (1) precluding the bodycam recording of the officers discussing Officer Lee's interview with the defendants, (2) precluding Officer Lee's testimony on whether surveillance footage was consistent with the defendants' testimony and whether that footage showed the tractor blocking the SUV, and (3) allowing cross-examination on the plaintiffs' future medical care.

**¶10**     We review a court's decision to admit or exclude evidence for a "clear abuse of discretion" and will only reverse if "prejudice results." *Smith v. Olsen*, 257 Ariz. 518, 528, ¶ 30 (App. 2024) (cleaned up).

I.     **Preclusion of the recording of the officers' discussion**

**¶11**     The court correctly precluded the plaintiffs from introducing the recording of the officers' discussion about Officer Lee's interview with the defendants. Out-of-court statements offered for the truth of the matter

asserted are inadmissible hearsay unless an exception applies. Ariz. R. Evid. 801(c), 802. A statement is "not hearsay" if it is "offered against an opposing party and . . . was made by the party in an individual or representative capacity." Ariz. R. Evid. 801(d)(2)(A).

**¶12**　　　　The defendants' statements to Officer Lee are non-hearsay under Rule 801(d)(2)(A) because those statements were made by defendants and offered by the plaintiffs against an opposing party — the defendants. These statements were thus admissible. But the officers' statements are different. According to the plaintiffs, the recording of the officers' discussion was offered to reveal inconsistencies between the defendants' description of the accident and the officers' statements about it. Thus, the officers' statements were offered for their truth. Because the officers' statements meet the definition of hearsay, the recording of their discussion is inadmissible unless a hearsay exception applies. Ariz. R. Evid. 802.

**¶13**　　　　The plaintiffs argue that the officers' discussion qualifies for the same exception under Rule 801(d)(2)(A) as the defendants' statements. Not so. The officers' statements were not made by an opposing party, a necessary element of the Rule 801(d)(2)(A) exclusion. Because the recording of the officers' discussion is hearsay and does not fall within any hearsay exception, the court had the discretion to preclude it.

**¶14**　　　　The plaintiffs argue in the alternative that the court erred by precluding the recording of the officers' discussion because the court did so based on an incorrect application of the best-evidence rule. We need not consider this argument given our conclusion that the recording of the officers' discussion was inadmissible hearsay.

II.　　**Preclusion of Officer Lee's testimony on the surveillance footage**

**¶15**　　　　The court properly precluded Officer Lee from testifying to his opinions on the surveillance footage. A lay witness may only draw inferences or state opinions that are "rationally based on the witness's perception" and are "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Ariz. R. Evid. 701; *State v. Romero*, 258 Ariz. 237, 248, ¶ 34 (App. 2024). Lay opinion on video evidence is often not "helpful" because the witness is in no better position than the jury to review the evidence. *See Romero*, 258 Ariz. at 248, ¶ 35 n.8 (A witness's testimony "added nothing to the jury's understanding of the footage that they could not have deduced themselves from watching it and listening to the testimony of other witnesses.").

¶16 Here, the questions at issue required Officer Lee to give opinions on the surveillance footage. Specifically, whether he believed the footage was consistent with the defendants' testimony and whether the footage showed that the tractor blocked the SUV. These opinions would have been improper lay opinion testimony because Officer Lee did not witness the accident firsthand, and at the time of trial, he did not recall the particulars of the accident scene. Thus, he was in no better position than the jury to review the surveillance footage.

¶17 The plaintiffs argue that Officer Lee could give his opinions on the surveillance footage as an expert witness. But the plaintiffs did not qualify Officer Lee as an expert witness. *See* Ariz. R. Evid. 702. In fact, the court granted the defendants' motion in limine limiting Officer Lee's testimony to lay testimony. In response to that motion in limine, the plaintiffs failed to argue that Officer Lee qualified as an expert. And during trial, the plaintiffs' counsel confirmed multiple times that Officer Lee was not giving expert testimony. Because Officer Lee was not an expert witness, the court did not abuse its discretion by sustaining objections on the two questions that called for improper opinion testimony.

III. **Introduction of testimony on the plaintiffs' future medical care**

¶18 The plaintiffs argue the court erred by allowing defense counsel to examine the plaintiffs' medical expert on the plaintiffs' need for future medical care in violation of a pretrial order. The plaintiffs argue the court exacerbated the error by denying the plaintiffs the opportunity to conduct redirect examination on the topic and by failing to give a curative instruction telling the jury to disregard improper testimony.

¶19 "The improper admission of evidence is not reversible error if the jury would have reached the same verdict without the evidence." *Brown v. U.S. Fid. and Guar. Co.*, 194 Ariz. 85, 88, ¶ 7 (App. 1998). The improper admission or exclusion of testimony regarding damages is harmless error if the jury found the defendants not liable. *Chambers v. Taber*, 21 Ariz. App. 291, 295 (1974) (Improper testimony "was harmless since it could only influence the jury to reduce damages and would not affect its decision on liability."); *Schwartz v. Farmers Ins. Co.*, 166 Ariz. 33, 36 (App. 1990) ("[T]he preclusion of the amount and type of damages was not prejudicial because the jury found no liability, and the same result would have been warranted if the evidence had been admitted.").

¶20 Here, the improper testimony only pertained to the amount of damages, which the jury did not need to determine because it found the

defendants not liable. Nothing in the record suggests the future medical care testimony had any impact on the jury's negligence finding. Thus, any error the court made by allowing the future medical care testimony was harmless. And, for the same reason, any errors the court made by denying the plaintiffs redirect or by failing to give a curative instruction were also harmless.

**CONCLUSION**

¶21        We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR